## S. ROGERS AND OTHERS v. I. N. GREEN AND ANOTHER.

1. In 1857 G. sold to R. a tract of land for $1800, of which more than half was paid at the time, and R.'s note at twelve months was given for the balance. In 1860, G., without asserting his vendor's lien, recovered a personal judgment against R. upon the note. In 1868, R. being then dead, leaving the judgment unpaid and his heirs in possession of the land, G. sued the heirs in trespass to try title, but made no offer to refund the purchase money he had received. G. never presented his judgment to R's administrator for allowance; and in the present suit the defendants, though claiming under R's purchase from G., make no offer to pay the purchase money remaining unpaid. No other conveyance than a bond for title had passed from G. to R. *Held*, that G. is not entitled to recover the land from the heirs of R. By his suit and recovery *in personam* against R., it seems that G. made such an election between his remedies as precludes him from a recovery of the land from the heirs of R.

2. The facts of this case, as above shown, bring it within the principles established by this court in Roeder v. Robson, 20 Texas, 754, to-wit: When there is default in the payment of the purchase money of land, the vendor may sue to recover back the land, with an alternative prayer for a money judgment in case he is not entitled to the land; but when the vendor sues merely to recover the money, he thereby affirms the contract and asks a specific performance of it.

3. On the case as above stated, G., after the death of R., should have established his claim against the latter's estate; and this appears to be regarded as the extent of his rights. But, *quære*, if in his present suit he had averred and proved the insolvency of R.'s estate, and had offered to refund to it or to the defendants the purchase money he had received from R., would he have been entitled to relief?

4. A purchaser of land *pendente lite* stands in no better attitude than his vendor.

APPEAL from Kaufman. Tried below before the Hon. John G. Scott.

The opinion states the facts on which the rulings are predicated.

In the court below, verdict and judgment were rendered for the plaintiffs, Green and his vendee *pendente lite*, A. T. Wilson.

*Good & Bower*, for the appellants.

*T. J. Word*, for the appellees.—The case under consideration is, in almost every feature, analogous to the case of Estes v. Browning, 3 Texas, 463. This was an action of trespass to try title, and although almost all the purchase money had been paid, and was so pleaded, yet the court held the law to be that Estes should recover the land. The other suits of Estes v. Browning were against the administrator, and have no analogy to the case under consideration. No suit was ever brought by Green, appellee, against the administrator of Rogers. The suit in Smith county was against Thomas H. Rogers, in his lifetime. No step was ever taken to collect the money out of his estate, and the suit against Thomas H. Rogers was not for a specific performance, and nothing appears on the face of the judgment, or the note on which it was founded, to show that either had any connection with or relation to the land sued for in this case. All that was brought into the case by the pleas of appellants, who have never offered or proposed to pay for the land. Hence the authorities referred to by appellants are not applicable to this case.

The strongest case the appellants present is that of Roeder v. Robson, 20 Texas, 754. On examination this case will be seen not to contain a feature analogous to the one under consideration. Roeder sued Robson on a note. Robson answered by cross-bill, stating the note was given for land. Roeder replied that was so, but that Robson had forfeited his contract by failing to pay. Robson subsequently withdrew all defense, and asked the court to require Roeder to elect which action he would prosecute, the action for the land or for the money. Roeder refused to elect, and the court gave judgment for the money, and not for the land. Now

the only analogy this case has to the case under consideration is, that the plaintiff might elect which he would have, the money or the land ; and refusing to elect, the court decreed him the money; and in the case under consideration Green did elect to prosecute the suit for the land ; for it will be remembered he has taken no step to collect the judgment rendered against Thomas H. Rogers in his lifetime, out of his estate. He has neither authenticated it, nor presented it to the administrator ; and if he were to be so regardless of right and justice as to attempt hereafter to collect the judgment (now dormant) out of the estate, this judgment for the recovery of the land would be an effectual bar to such attempt.

The other authorities referred to by appellants' counsel are less applicable to the case than the one just reviewed, and we simply invite the attention of the court to the difference between the case under consideration and the cases referred to.   Those were cases for the collection of money, or the enforcement of liens for purchase money. This is a case to recover the land, and is supported fully by the case of Browning v. Estes, 3 Texas, 462, and Estes v. Browning, 11 Texas, 237.

And we would invite especial attention to the case of Baker v. Ramey, 27 Texas, 52.   We deem this case peculiarly applicable, from the similarity of the cases.

It will be seen from the statement of facts that the proof shows that only six hundred and forty acres of the twelve hundred and thirty-seven in controversy had been rendered by the administrator as the property of the estate.   And the proof shows that Thomas H. Rogers, in his lifetime, sold the most of the land, and received in payment for it a much greater sum than the value of the negro woman ($1045) paid to Green at the time of the purchase.   These persons to whom he had

sold, or one of them at least, W. Wilson, was sued in this action as a trespasser, and came in and disclaimed, thus losing all he had paid to Rogers. So that in equity and justice no rights could accrue to Rogers, or to his estate, from the payment of the negro woman at the time of the purchase; for he had received more by the sale of a portion of the land than he had paid.

*A. M. Jackson,* also for the appellees.

WALKER, J.—On the twenty-fourth day of November, 1857, Ira N. Green and wife sold to Thomas H. Rogers a tract of land situated in Kaufman county, in which was contained 1237 acres. The consideration for· the sale of the land was $1845. Green and wife executed to Rogers a bond for title, in which instrument is acknowledged the receipt of $1045, upon the sale and delivery to Green and wife by Rogers, of a negro girl· named Niece, whose price was fixed at that sum.

The title bond further recites that Rogers executed and delivered to Green and wife his promissory note, for eight hundred dollars, bearing ten per cent. interest per annum, and due twelve months from date. The· note fell due on the twenty-fourth day of November, 1858. Green and wife brought suit upon the note in, the District Court of Smith county, and on the twentieth of December, 1860, recovered a judgment against: Rogers, *in personam.* In this action no· effort was made on the part of Green to enforce his vendor's lien, but he evidently elected between the two remedies which he undoubtedly had, to take his personal judgment against Rogers, rather than to press his vendor's right against the land.

It is useless for counsel for appellees to insist virtually, that Green had a right to make a second elec-

tion, almost ten years after he had made his first. He abandoned his vendor's lien when he sought to obtain other securities, and for what we know, did obtain them. Numerous cases are referred to in the briefs and arguments of both parties, but we find but one case cited which bears directly upon the case at bar. This is the case of Roeder v. Robson; 20 Texas, 754.

This case, by the very able opinion delivered by Mr. Justice Wheeler, establishes the following doctrine: Where there is a default in the payment of the purchase money, the vendor may sue to recover back the land; and he may ask for alternative relief, and have a recovery of the money in case he failed to recover the land. But when the vendor sues merely to recover the money, he thereby affirms the contract, and asks for its specific performance. This case supposes a doubt where the plaintiff sues for the land and offers full equity, by refunding so much of the purchase money as he has received, and thus places the defendant in *statu quo*. This does not appear to have been done in the case at bar. The appellees insist that their suit is not against the heirs of Thomas H. Rogers as such, but against certain persons who may be the heirs, as trespassers. The truth is, that the appellant, Sam Rogers, is the administrator of the estate of Thomas H. Rogers; and we are clearly of the opinion that when Green and wife made their election to proceed against Thomas H. Rogers in his lifetime, on his promissory note, and did obtain a personal judgment, they should have proceeded in the manner pointed out by law to establish their claim against the estate; and if they have failed to do so, we cannot see that they are entitled to much condolence or sympathy in a court of equity if they should now find themselves cut off by their own laches, or the laws of limitation.

Wilson, the intervenor, is in no better situation than Green. He is a purchaser *pendente lite.*

The case at bar falls so completely within the principle of Roeder against Robson, and that case is so clearly reasoned, and the law so plainly laid down, that we deem it unnecessary to refer to any other authorities, though we think it undoubted that many, of the highest respectability, might be cited. We have examined the case of Browning against Estes, 3 Texas, 462, and other cases referred to in the brief of appellees, but do not find them applicable to the case at bar, the facts being so essentially different.

Neither the case of Baker v. Ramey *et al.*, 27 Texas, 52, nor the case of Dunlap's Administrator v. Wright, 11 Texas, 597, decides any principle opposed to the view we take of this case.

It is very true that a vendor of land who retains a lien for his purchase money has a superior right to the land as against his vendees until the purchase money is paid, but this is only true where the lien is retained and perpetuated; and there are different modes by which the lien may be lost, such as taking personal security for the deferred payments, a mortgage on other real or personal property, or by so long neglecting to enforce the lien as to render the doctrine of stale claim or laches applicable, or in the manner pointed out in Roeder v. Robson, by electing another remedy. (See also Boss v. Ewing and others, 17 Ohio, 500, and numerous authorities therein cited). Whatever other points are raised in this case are immaterial.

The judgment of the district court must be reversed and the cause dismissed. Wilson acquired no title by his purchase *pendente lite*, and Green must be remitted to the remedy he originally elected.

REVERSED AND DISMISSED.