R. A. LAWLER AND WIFE v. R. YEATMAN.

On a note given for land, an ordinary action *in personam* was brought against the maker, in 1859. In 1866, the maker being then deceased and the suit being still pending, the land was set apart to his widow and infant child, as a homestead. In 1871, the plaintiff amended, asserting his vendor's lien, and making the widow and child defendants to the suit. *Held,* that under this state of facts it must be presumed · that he had lost or waived his lien before he asserted it in his amended petition—especially as he had stood by, without claiming a lien, and permitted the land to be set apart to the widow and child.

APPEAL from Caldwell. Tried below before the Hon. Henry Maney.

The opinion states the case.

*J. H. Burts,* for the appellants. This appellee, by bringing his suit as he did, and not asserting his right to foreclose the vendor's lien, and not claiming in his petition that he had a lien until after Mrs. Lawler, the appellant, had accepted the property as a homestead, and had the same set apart to her, after the death of Martin, thereby either designedly or negligently induced her to believe in the existence of a certain state of things, and to act on that belief, and is now concluded from averring against her a different state of things as existing at the same time, and from defeating rights acquired by her through his acts, negligence, laches, or omissions. Had appellant been apprised by the allegations in the original petition that a lien was claimed, she could have selected her homestead from some other property of J. S. Martin, deceased. And that she did not do so is not her fault, but the fault of appellee, and he must sustain the loss he has occasioned. (Kerr on the Law of Fraud and Mistake, pp. 136 and 137; Williams *v.* Chandler, 25 Texas, 11.)

The consideration of the note sued on, as will appear from the statement of facts, was a stock of goods as well as the

property sought to be subjected to the payment of the note, and appellant failed to show what part was given for the goods, and what for the other property; and for this reason the judgment is wrong and must be reversed. (Wasson v. Davis, 34 Texas, 159; Swain v. Cato, 34 Texas, 397; Miller v. Brown, 23 Texas, 440.)

Appellant, Mrs. Lawler, having acquired the property by virtue of, and in consideration of her marriage with Joseph S. Martin, deceased, occupies the attitude of an innocent purchaser without notice, and is entitled to the same protection that any other purchaser would be; and for this reason appellee cannot enforce the vendor's lien. (Parsons on Contracts, Vol. I., p. 431; Id., note q., and authorities there cited; Id., Vol. III., p. 277.)

The vendor's lien had not been claimed in the suit of appellee when the County Court took jurisdiction of the property in controversy, and rendered its judgment, setting apart the same to the appellant, the widow of J. S. Martin, deceased, and her minor child. The probate court had exclusive jurisdiction of the subject matter and the parties, and the appellee having had, with all others interested, the notice authorized by law, should have appeared in the probate court, and opposed and contested the setting aside or apart the property to the widow and child, and have asked there for the property to be subjected to the payment of his debt. Not having done so, he is estopped, precluded, and debarred from pursuing the property further in the hands of appellants; and when the court allowed the note read in evidence to affect their interest, and excluded the judgment of the probate court when offered, and overruled the exceptions of appellants, and sustained those of appellee, it committed such errors as will reverse and dismiss the case as to appellants. (Giddings v. Crosby, 24 Texas, 299; Paschal's Digest, Article 1319; Paschal's Digest, Article 1305; Conkrite v. Hart, 10 Texas, 141; Fortson v. Caldwell, 17 Texas, 628; Chandler v. Burdett, 20 Texas, 44; Boggess v. Lilly, 18 Texas, 205; Robertson v. Paul, 16 Texas, 472; Watrous v.

Rodgers, Id., 411; Wheeler *v.* Love, 21 Texas, 584; Burleson *v.* Burleson, 28 Texas, 416; Williams *v.* Chandler, 25 Texas, 11; Luter *v.* Rose, 20 Texas, 648; Parsons on Contracts, Vol. III., 279, note h; Id., Vol. II., 789 to 801.)

*Miller & Sayers*, for the appellee. We admit that this store-house and lot is in the same town (Prairie Lea) in which Lawler and wife lived, but it was no part of the homestead, was not situated on the same block, and could not, by any act of the probate court, become a part of the homestead until the purchase-money had been paid. (See Lander *v.* Rounsaville, 12 Texas, 198; Monroe *v.* Buchannan, 27 Texas, 244; Chilson *v.* Reeves, 29 Texas, 281; Baker *v.* Ramy, 27 Texas, 52.)

We will examine the brief of appellants in the order presented by them. Their first statement, that appellee's vendor's lien was waived by the mere bringing of the suit against Martin, without setting up the vendor's lien in the original petition, but reserving it, and setting it up in an amended petition in the same suit, and that too while the property remained in the possession of Martin's administrator, he having never parted with the title, is, we think, a proposition unheard of and directly in the teeth of numerous decisions made by such judges as Hemphill, Lipscomb, and Roberts. We call the attention of the court to a few of them. (See Lander *v.* Rounsaville, 12 Texas, 197; McAlpin *v.* Burnett, 19 Texas, 497, and the authorities there cited.)

But counsel refer to the case of Rogers *v.* Green, 35 Texas, 730. This is not a parallel case to the one at bar, and we are satisfied this court did not intend to overrule the doctrine heretofore adhered to by our courts. For our courts have always held that the bringing of a suit on a note given for land, without setting up the lien, did not waive the lien. But, as in the case above cited, suit could be brought on the judgments thus obtained, and the lien be followed up and enforced against subsequent purchasers with notice. This rule is of long standing, and it is too late to change the rule now.

In the third place, appellant's counsel says the acts of Yeat-man in not pressing his suit to a final judgment sooner, has caused Mrs. Lawler to change her position, and has induced her to believe in the existence of a certain state of things, and that he is therefore estopped, precluded, and forever debarred from setting up any lien. We are not able to see the applica-bility of the law of estoppel to this case. Mrs. Lawler married Martin pending this suit, and whatever was notice to Martin was notice to her, and of course Martin knew the vendor's lien was retained in this note set out in the original petition; and there is not the least proof to be found in the record that she has been injured in the least by any act of ours; and if her first husband, Martin, could not have claimed this house and lot as exempt, we cannot see why Mrs. Lawler should be en-titled to superior rights. But appellant's counsel say, had we set up our vendor's lien in the original petition, she could have selected her homestead from some other property. We repeat in this particular she has not been injured. She has paid no consideration for this lot, and got all she could have received had these lots not been in existence. The appellants assert that a part of the consideration of this note was goods. In this counsel is simply mistaken. Such is not the fact. On the contrary, the record shows, and the jury found, that the only consideration for the note was this house and lots. Other notes were given for the goods at the same time.

Appellant's counsel claims that Mrs. Lawler married Martin for these lots, and is therefore in the position of an innocent purchaser, for a valuable consideration without notice; to which we reply that whatever was notice to Martin was notice to her, and we cannot think counsel serious in this position. Besides, the note describing the lots was set out in the original petition filed in court before she married Martin, and was no-tice to her and all the world, even if any notice was necessary to her.

Counsel complains that we did not go into the probate court,

and there test Mrs. Lawler's right to this lot. To which we reply, that when suit has already been commenced against a citizen of Texas, his death does not necessarily dismiss the case; but requires the plaintiff to go into the probate court, after a judgment is obtained against an administrator. Then it will be time enough for the representative of that estate to be called upon to carry out a decree of a court of competent jurisdiction, and we cannot see the applicability of the long list of authorities cited by counsel on this point. They certainly rather sustain than oppose our position on this point. (Pas. Dig., Articles 4, 5, 6, and 7, and authorities there cited; also Article 1479, and authorities there cited.)

Walker, J. This suit was brought on a promissory note made by Joseph S. Martin, payable to P. J. Malone, for twelve hundred and sixty-five dollars. The petition was filed on the 21st day of March, 1859. The note specifies that it is given for lots No. 1 and 2 in block 4, and we suppose the property to be situated in the town of Prairie Lea.

The original petition sets up no vendor's lien, but is a simple suit on a promissory note. The cause remained upon the docket in this condition for about twelve years. In the meantime Martin intermarried with the appellant, now Mrs. Lawler. Of this marriage one son was born. Martin and wife occupied the property in question as a homestead. After Martin's death, his estate was administered, and the property was set apart by the probate court as a homestead to his widow and minor child.

On the 27th of March, 1871, the appellee filed a supplemental petition. Mrs. Martin having intermarried with R. A. Lawler, they, as well as the minor son, Joseph T. Martin, who has since died, were made parties; and now for the first time the plaintiff sets up a vendor's lien.

The case has been twice tried in the District Court with different results. There was an administrator *de bonis non* of the estate of Martin appointed; and on the last trial, verdict

43

and judgment went against him and appellants, from which the latter have appealed.

We do not deem it necessary to notice the bills of exception or the errors assigned in their order. We think that this case comes within the rule laid down in De Cordova's Administrator v. Smith's Administrator, 9 Texas, 129; Luter v. Rose, 20 Texas, 648; Rogers v. Green, decided at the last term. (35 Texas, 730.) The plaintiff elected to take a judgment *in personam* when he brought his suit in 1859, and after a lapse of twelve years without claiming a vendor's lien, the presumption will arise that the lien was waived; and this presumption is the more strongly invoked by the facts in this case. The plaintiff stood by during the settlement of Martin's estate, and saw this property assigned to the widow and minor child as a homestead, when they might, in all probability, had he asserted his lien, received the widow's and minor's allowance from other property. From this they are now cut off, and no court would favor the claims of one guilty of such laches, where the rights of others, and especially widows' and orphans', are to be thus prejudiced.

The judgment of the District Court is reversed, and the cause remanded.

                           Reversed and remanded.