WASHINGTON,
*March*,
1842.

Taft & Co.
*v.*
Pike.

---

### HOLDEN TAFT & Co. *v.* LINVILLE PIKE.

Where an adult hired a minor to work for him by the month, and the minor labored a given time and received of the adult certain articles of property on account of his labor, *it was held* that the minor could not retain the property so received, and recover the full value of his services.

In such case the articles received by the minor should be allowed against him for what they are reasonably worth, without regard to the contract of the minor.

Interest, on an account, not allowed against a minor.

THIS was an action of book account, in which judgment .o account was rendered in the county court, and an auditor appointed, who afterwards reported as follows:—

'The plaintiffs' account is allowed at the sum of one hun-' dred forty-one dollars and thirty cents, and the defendant's ' at the sum of one hundred dollars and fifty-five cents, which ' leaves a balance of forty dollars and seventy-five cents due ' from the defendant to the plaintiffs to balance book ac-' counts between them; subject to the opinion of the court ' upon the following facts:

' On the 20th day of March, 1839, the defendant, a minor, ' having neither father nor guardian, being at the time in the ' seventeenth year of his age, entered into the service of the ' plaintiffs as a pedlar, for an indefinite period; and the plaintiffs ' agreed to pay the defendant, for himself and team, ten dol-' lars per month; and, on the 4th day of July following, ' raised the defendant's wages to twelve dollars per month. ' The defendant continued in the service of the plaintiffs

'until the 24th day of November, making in all eight months 'and four days.

'Sundry items in the plaintiffs' account were allowed at '$45.29, inclusive of interest, which were delivered by the 'plaintiffs to defendant with an express agreement that they 'were to apply in payment of defendant's wages on settle-'ment, and were charged on book with defendant's assent.

'The remaining items charged in the plaintiffs' account 'were delivered from time to time by the plaintiffs, and re-'ceived by the defendant, with the expectation and under-'standing that they were to apply in payment of defendant's 'wages, but there was no express agreement between the 'parties to that effect. The plaintiffs delivered defendant, 'during the time he continued in their service, necessaries 'to the amount of $39.19, inclusive of interest.

'The defendant received from the plaintiffs, previous to 'October 5, 1839, enough to pay him for his services during 'the whole time.

'Subsequently to the 5th day of October, 1839, the plain-'tiffs delivered to defendant necessaries to the amount of $15.86, including interest thereon.

'It did not appear that the defendant had offered to return 'any portion of the property received of the plaintiffs either 'before or after the commencement of this suit.'

The county court decided that, from the facts reported, the defendant was entitled to recover the amount of his account, deducting, therefrom only the charges in the plaintiffs' account for necessaries, and rendered judgment for the defendant to recover the balance due to him after making such deduction.

The plaintiffs excepted.

*S. 'H. Curtiss,* for plaintiffs.

The auditor finds the fact that all of the items in the plaintiffs' account were delivered to the defendant with the understanding of both parties that they were to apply in payment of defendant's wages.

Therefore it is insisted that the defendant, having purchased the property and received the full benefit of the contract, cannot avoid it on the ground of infancy, without restoring to the plaintiffs the property which he received. He ought, at least, to account for it at its actual value, as found

by the auditor. 6 Mass. R. 78. *Abell* v. *Warren*, 4 Vt. R. 149. *Farr* v. *Sumner*, 12 Vt. R. 28. *McCoy* v. *Hoffman*, 8 Cowen's R. 84. *Badger* v. *Phinney*, 15 Mass. R. 359. *Roof* v. *Stafford*, 7 Cowen's R. 179. *Holmes* v. *Blogg*, 4 Com. Law R. 189.

WASHINGTON, March, 1842.<br>Taft & Co. v. Pike.

Payment of money to an infant, on a debt, is a good discharge of the same. 1 Swift's Dig. 56.

The defendant having received, previous to the 5th of October, 1839, enough to pay him for his services during the whole time, the plaintiffs ought to recover the amount of necessaries received subsequently to that time.

*J. A. Wing*, for defendant.

From the facts reported by the auditor, the question arises whether the plaintiffs can recover against the defendant for that portion of their account which is not for necessaries.

It is one of the most familiar principles of law that an infant is not bound, except for necessaries. *Abell* v. *Warren*, 4 Vt. R. 149.

If there was no account in offset to the plaintiff's, there would be no pretence that the plaintiffs could recover more than $39.19.

The defendant was not bound to plead his work and labor in offset to the plaintiffs' account. The accounts are separate and independent of each other, and each must stand or fall on its own merits. *Wood, adm'r*, v. *Barney*, 2 Vt. R. 396.

The plaintiffs insist that the items allowed at $45.29 should be applied in offset to the defendant's work, as the auditor finds that it was agreed that the same should be so applied. An infant is incapable of making a contract except for necessaries.

The plaintiffs cannot apply that in offset which they cannot recover in an action. The plea of infancy is as good in the one case as the other. *Wood, adm'r*, v. *Barney*, 2 Vt. R. 396.

The plaintiffs insist that if the property delivered is not necessary for the infant, and they are prevented from recovering on that account; still, they can have it applied on what they owe the defendant, and that it is the duty of the court to apply the articles, not necessaries, in

payment of the debt, and suffer him to recover for the balance of necessaries.

If the court should take this view of the case, they would protect the rights of infants in a singular manner, and leave him at the mercy of every knave who could palm off on him property, and get payment in money or labor, and retain the same with impunity. *Bent* v. *Manning*, 10 Vt. R. 225.

It was not necessary for the infant to return the property. He has not yet become of age; and if he had it would not be necessary. The cases where it is necessary to return the property are when an infant has exchanged property, and, after coming of age, seeks to avoid the contract, and recover back the property. *Abell* v. *Warren*, 4 Vt. R. 149.

The infant cannot disaffirm his contract until he comes of age. *Farr* v. *Sumner*, 12 Vt. R. 28.

At law, an infant is not liable for money, though expended in necessaries. *Bent* v. *Manning*, 10 Vt. R. 225. *Probart* v. *Knouth*, 2 Esp. 472. 10 Petersdorff, 543, in notes.

The opinion of the court was delivered by

Bennett, J. — It is contended that the defendant should recover the balance of his account, which is adjusted and allowed by the auditor at about one hundred dollars, after deducting that portion of the plaintiffs' account which was for *necessaries*. This was the opinion of the county court. Though the contracts of a minor, as a general principle, are not so far binding upon him as to preclude him from the right of avoiding them, yet, this privilege is given him, it is said, as a shield to protect himself against his own contracts; but he should not make use of it as an offensive weapon to injure others. While it protects the infant from injury, through his own imbecility, it enables him to do binding acts which are for his own benefit, and for the benefit of others, provided he is not thereby prejudiced. If this were not the rule great inconvenience would arise to infants themselves, as well as to others. What are the rights and privileges of the *infant* upon such a state of facts as are now presented? The infant labored for the plaintiffs until his services amounted to about one hundred dollars. He has received of them thirty nine dollars in necessaries, forty five dollars for other articles delivered to him under an express agreement that,

upon settlement, they should apply in payment of his services, and the auditor reports that the balance of the plaintiffs' account is for articles delivered by the plaintiffs and received by the defendant, with the understanding that they, also, were to apply in payment of his wages, though there was no express agreement to that effect.

It is to be remarked that the auditor has adjusted the claims of both parties, without giving any effect to the agreements of the minor, placing them entirely upon a *quantum meruit*. In the present case, it was for the interest of the minor to find employment, and though he could not acquit or release his debt without satisfaction, yet, for so much as he receives he may discharge. 1 Swift's Dig. 56. *Abell* v. *Warren*, 4 Vt. R. 149. 6 Mass. R. 78. This can in no way be prejudicial to the infant, and it has been held that a female infant may bar her dower by accepting a jointure in lieu thereof. Bingham on Inf. 72, 81.

It is immaterial whether the minor has received satisfaction in money, or in other property, provided it is adequate. He may avoid an *executory* contract, though he has received the consideration; and it would seem but reasonable that he should be held, in such case, to respond it in some appropriate form of action, and this has been so adjudged, though the cases are far from being uniform. This subject is discussed by Judge Reeve, in his Domestic Relations, pp. 243 to 249, where, with much ability, he maintains the affirmative of the proposition. See also *Badger* v. *Phinney*, 15 Mass. R. 359. *Roberts* v. *Wiggin*, 1 N. H. R. 73. *Roof* v. *Stafford*, 7 Cowen's R. 182.

But this is a case where, in effect, the contract has been executed by both parties. It is well settled that if an infant has executed the contract on his part, by the payment of money, or the delivery of property, he cannot disaffirm the contract and recover back what he has paid, without restoring to the other party what he has received from him. *Holmes* v. *Blogg*, 4 Com. Law R. 189. *Corpe* v. *Overton*, 25 do. 121. *Farr* v. *Sumner*, 12 Vt. R. 32.

The defendant has received a valuable consideration for his services, more than an equivalent, which he still enjoys, either under an express or implied agreement that what he has received should go to pay his account. He cannot, then,

WASHINGTON, in this situation, set up his claim as a *substantive* ground of
March, recovery. To permit it would be to do great injustice, and
1842. it is in no way necessary to protect the infant against his own
Judd imbecility of understanding.

v. The defendant's account should be applied to extinguish
Blake & Mc- so much of the first items in the plaintiffs' account, which,
Intyre. by the report of the auditor, would include all prior to Octo-
ber 5, 1839, and the plaintiffs are entitled to recover for
such of their account since that time as was found to be for
*necessaries.* This is fifteen dollars and eighty six cents, in-
cluding interest ; but the court do not allow interest against
an infant. *Fisher* v. *Mowbray*, 8 East's R. 330.

The judgment of the county court is reversed, and judg-
ment for the plaintiffs for $15.86 damages, deducting the
interest included, and for his costs.