Stuart v. Baker.

CHARLES A. STUART v. JOSEPH BAKER.

See this case as to a conveyance of a specific portion of the land, by any number of tenants in common less than the whole number.

A parol partition of land is not obnoxious to our Statute of Frauds, but is valid and binding, and is placed beyond all doubt, where the parties have acted upon and acquiesced in such partition, and have never attempted to repudiate it.

The purchaser of a married woman's interest in an estate cannot object to a parol partition of a certain tract of land, to which the married woman was a party, on the ground that she was not bound by such parol partition.

The purchaser of the interest of one of several heirs, in the estate, cannot object to a partition of a certain tract of land, to which his grantor was a party, on the ground that his grantor, being a minor at the time, was not bound by such partition.

If a minor makes a deed, purporting to be for a valuable consideration, such as would be valid against an adult, it is valid until the infant has avoided it by disaffirming it, after arriving at majority; and it is indispensable to the disaffirmance, that the consideration, if money or other property, should be tendered to the purchaser.

Where a party in the cross-examination of a witness asks questions which are not pertinent to the direct examination, he thereby makes the witness his own to that extent.

Error from Guadalupe. Tried below before the Hon. Thomas J. Devine.

*Jones, Thornton* and *Denison,* for plaintiff in error.

*J. Ireland,* for defendant in error.

LIPSCOMB, J. This suit was brought by the appellant against the appellee, to recover two hundred and fifty acres of land, properly described by metes and bounds, being a part of the headright league granted to John Sowell by the Mexican Government in 1831. It is admitted that John Sowell, the grantee, died in 1838, leaving Rachel Nichols, then Rachel Sowell, his widow, John N. Sowell, Andrew J. Sowell, and Asa J. L. Sowell, his sons and heirs. It is admitted that the widow, who afterwards intermarried with George W. Nichols, was entitled to one half of the land, after the payment of debts, as her community share, and the three sons were entitled to the other half. It is admitted that administration was taken out on the estate of John Sowell in 1838, and closed in 1852. The appellant claimed title to the share of John N. Sowell, by deed from said John and his wife, to Michael Erskine, dated 6th of April, 1843, and by mesne conveyance from Erskine to himself. He claimed title to the shares of Andrew J. Sowell and Asa J. L. Sowell, by a conveyance from them to Davis, dated 28th October, 1845, and the share of Mrs. Nichols, formerly Mrs. Sowell, relict of the original grantee, by deed from her and her then husband, G. W. Nichols, bearing date 28th October, 1845, to Davis, and by deed from Davis to the appellant.

The appellee claimed the land in controversy, as the tenant of the heirs of Lewis Godwin, and in support of his title, he read in evidence a deed from Rachel Nichols, John N. Sowell, Andrew J. Sowell, Asa J. L. Sowell, dated 4th January, 1842,

to Lewis Godwin, describing it by metes and bounds, and proved by Nichols, a son of G. W. Nichols, that the land composing the league, had, before that time, been divided between Mrs. Nichols and her three sons ; that Mrs. Nichols took the lower half of the league, and her three sons the upper half ; that the land in controversy is on the upper half; that the boys received the purchase money from Godwin ; and that Mrs. Nichols and his (witness's) father, received the purchase money, on a sale some time after, to Grenage, of a portion of the lower half. There was no evidence that this division was evidenced by writing between the parties.

To the deed to Godwin, the appellants interpose the following objections : That there is no legal evidence of a partition or division of the land ; secondly, that the deed, as to Mrs. Nichols, is not in conformity to the Statute, her husband not having joined her in it. And thirdly, the infancy of Asa Sowell.

We propose to discuss the questions here raised, in the order in which they are presented. On the first, it is believed that if no division had been made between the parties to the deed to Godwin, they being tenants in common, it was not competent for any number of them less than the whole number, to make title to any particular portion of the land so held in common; therefore if the deed is not binding on Mrs. Nichols, who is one of them, it is void as to all. The force and effect of Mrs. Nichols' joining in the deed will be noticed in its order.

The objection to the evidence of the partition of the land, is based on its being by a verbal or parol agreement, and it is alleged to be contrary to the provisions of our Statute of Frauds, which it is contended requires that it should be in writing. This objection, we apprehend, grows out of a misconception of our Statute, and following the English Statute. The difference in our Statute of Frauds and the English, was very fully investigated, and clearly shown, in the Opinion of this Court, de-

livered by the Chief Justice, in the case of James v. Fulcrod, 5
Tex. R. 512. The difference in the two Statutes is shown to
be this : in our Statute a contract for the *sale of lands* must be
in writing ; the English Statute goes further, and embraces
not only a sale of lands, but any *interest in or concerning them ;*
and it was decided that a verbal contract between the parties,
that one of them should bid off a lot of land at public sale, in
his own name, to be divided between them, was not a contract
of sale of land within our Statute. So the case of Watkins v.
Gilkerson, 10 Tex. R. 340, was an agreement by which one
party agreed to procure land certificates, and the other to lo-
cate them and procure patents, and divide the land so obtain-
ed ; the agreement was not in writing. We decided that it
was not a contract for the sale of land, and not within the
Statute. And in the case of Houston v. Lund, decided at the
last Term of the Court, 15 Tex. R. 307, the Court decided
that a verbal agreement between adjoining landholders, on a
division line, was not a contract for the sale of land within the
Statute, but bound the parties. The doctrine of these cases
seems to be conclusive in favor of a verbal division between
the parties in the case under consideration, and is certainly
placed beyond all doubt, where the parties, as in this case,
acted upon, and acquiesced in, such division ; and it is not
shown that they ever, to this day, wished to repudiate it.

From the view we have taken of the point just discussed, it
will not be necessary to bestow anything more than a mere
passing notice on the second point. The interest of Mrs.
Nichols having been severed, it is not material whether she is
bound by the deed, in which she joined with her son, to God-
win or not, the deed would still be valid, as to them, although
she was not bound by it, the land surveyed being upon their
share ; and it was really a sale by them, and, from the evi-
dence, they received the purchase money. We will proceed
to the third and last point proposed to be discussed.

It is objected that Asa Sowell, at the date of his deed to

Godwin, was a minor ; and it appears from the evidence, that he was not twenty-one years of age until the 30th day of April, 1843, the deed bearing date something over one year before he arrived at the age of twenty years. Whatever the conflict may have been in the other Courts, as to the legal effect of a minor's deed conveying his lands, the doctrine is well and firmly settled in this Court, that such deed is not void, but only voidable. It was well discussed in the opinion of this Court, in the case of Cummings v. Powell, 8 Tex. R. 80, and many of the authorities reviewed; and the conclusions were announced, that if an infant makes a deed, purporting to be for a valuable consideration, such as would be valid against an adult, it is valid until the infant has avoided it by disaffirming it, after arriving at majority ; that it is indispensable to the disaffirmance, that the consideration. if money or property, should be tendered to the purchaser. In this case, there is no pretension set up, that there was an offer to return the purchase money, and it was in proof that the infant had received the purchase money.

The only evidence of a disaffirmance of the deed to Godwin by Asa Sowell, is his conveyance to Davis on the 28th of October, 1845, about two years and six months after attaining the age of twenty-one years. We will see if that conveyance amounts to evidence on the part of Asa Sowell, of a disaffirmance of his deed to Godwin, even if the want of a tender of the purchase money should not be regarded as material. The deed is as follows, i. e : Know all men by these presents, that we, Andrew J. Sowell and Asa J. L. Sowell, have this day, in consideration of the sum of eleven hundred dollars, to us in hand paid by A. W. G. Davis, the receipt of which is hereby acknowledged, granted, bargained and sold, and by these presents do grant, bargain and sell, unto A. W. G. Davis, all our right, title, interest and claim, in and to the estate of our deceased father, John Sowell, to have and to hold said granted. bargained and sold premises, to said Davis and his heirs

Stuart v. Baker.

for ever.   Signed, sealed and delivered this 28th day of Octo-
ber, A. D., 1845.

A. J. SOWELL.        [L. S.]

ASA J. L. SOWELL.   [L. S.]

The record shows that the two Sowells who made this con-
veyance to Davis, had a large interest in the league of land
granted to their father, after they had sold the two hundred
and fifty acres to Godwin.   There is, then, nothing in this last
deed repugnant to, or in disaffirmance, on the part of Asa Sow-
ell, of his deed to Godwin, and both may stand together and
be valid.   The last deed does not assume, in its legal effect, to
sell more than the grantors then held in what belonged to
the estate of-the father; and this, from aught that appears from
the. record, amounted, after deducting the land sold to God-
win, to twelve or thirteen hundred acres.   Had Asa Sowell
intended that this conveyance to Davis should be an act of dis-
affirmance of his deed to Godwin, some reference should have
been made to it, showing that such was the intention, and
serving as notice of such intention.   We believe that the deed
from Asa J. L. Sowell to Davis does not amount to a disaffirm-
ance of his deed, made during his minority, to Godwin.   But,
had the deed gone to show an intention to disaffirm that
sale to Godwin, without showing a tender of the purchase
money, it would not have been sufficient to effect the disaffirm-
ance.

On the trial in the Court below, the appellant called Asa J.
L. Sowell as a witness, and asked him When were you born?
and he answered, On the 30th of April, A. D. 1822, which was
the only question asked by the plaintiff.'   Being cross-exam-
ined by the defendant, he was asked, Did you ever disavow the
said deed after arriving at majority ?   Have you ever at any
time disaffirmed your deed to Godwin for the land in contro-
versy ? said that he not only never disaffirmed it, but always
affirmed it, and still affirms it up to the present time, and gave
notice thereof to Davis, when the deed was made to him, that

he had paid nothing for, but the consideration for, the two hundred and fifty acres, was expressly excluded. Plaintiff objected to the evidence of witness on cross examination.

We can see no objection to the competency of the testimony. The witness does not appear to have any interest, and he swears to nothing repugnant to duty, and he is not contradicting written evidence by parol testimony. It is true, as a rule of practice, the cross examination of a witness should be pertinent to the direct examination, and so far, the evidence is regarded as the evidence of the party introducing the witness. But the other party can make a witness of him, and could have again called him after he had left the stand, and can as well make him his witness before he had left it, from the first call. We believe the Court did not err in refusing to reject the evidence, but if it had been improperly received, the evidence is amply sufficient to sustain the verdict and judgment; it is therefore affirmed.

Judgment affirmed.