HOUSTON, EAST & WEST TEXAS RY. CO. v. L. T. & A. H. FERGUSON.

No. 2396.

**Practice—Judgment.**—Two suit were brought by parties who executed a power of attorney during their minority, under which lands inherited by them were sold to different parties. The suits were tried on the same pleadings and testimony before different trial judges, who failed in each case to file conclusions of law and facts. Each suit was a direct proceeding by the heirs for their interests in land conveyed during their minority under the power of attorney. On the same testimony and pleadings the plaintiffs recovered judgment in one suit and the defendants in the other. Both cases were appealed to the Supreme Court. There being testimony in each case which if believed would sustain the judgment, the judgment in each case was affirmed.

APPEAL from Tyler. Tried below before Hon. W. H. Ford.

The case is stated substantially in the statement and opinion found in the case preceding this.

*West & Chester,* for appellant.

*Douglass & Lanier,* for appellees.

ACKER, PRESIDING JUDGE.—The pleadings and facts in this case are substantially the same as in the case of L. T. Ferguson v. Houston East & West Texas Railway Company, appealed from Hardin County, decided at this term, *ante,* page 344.

In this case, as in that, the trial judge filed no conclusions of fact and law, and we are without information as to the reason upon which the judgment rests.

Under the same pleadings and facts the two cases tried by different courts precisely opposite results were reached. This is probably due to the fact that the evidence was conflicting upon the point whether or not the appellant in the other case and the appellee, L. T. Ferguson, in this, had received his share of the proceeds of the sale of the land. His brother, who sold the land under the power of attorney, testified that he had received his full share of the purchase money, while he testified that he had not received any part of it. The court that tried the other case evidently believed the testimony of the brother, while the court that

tried this case gave credit to the testimony of appellee, L. T. Ferguson. In both cases the proof was clear that A. H. Ferguson, one of appellees here, had not received any part of the purchase money, and the judgment in both cases was in his favor.

The way this case is presented here we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted March 19, 1889.