## W. L. Bullock v. Frank Sprowls.

### No. 834.. Decided December 18, 1899.

**1. Minor—Conveyance by—Disaffirmance—Returning Consideration.**

Plaintiff is not required to tender back the consideration received by him and spent for other than necessaries during his minority, as a condition to recovering back, on coming of age, land conveyed by him while a minor. (Pp. 190, 192.)

**2. Same—Cases Limited.**

The general rule requiring a return of the consideration received by a minor, as a condition for disaffirming his conveyance, announced in Cummings v. Powell, 8 Texas, 88; Womack v. Womack, 8 Texas, 417; Kilgore v. Jordan, 17 Texas, 356; Stuart v. Baker, 17 Texas, 421; Bingham v. Barley, 55 Texas, 285; Graves v. Hickman, 59 Texas, 383; Harris v. Musgrove, 59 Texas, 403; Vogelsang v. Null, 67 Texas, 465; Wade v. Love, 69 Texas, 522; Ferguson v. Railway, 73 Texas, 344; and Railway v. Ferguson, 73 Texas, 349, is limited to cases in which such consideration is still under his control, or has been disposed of after attaining majority, or perhaps where spent for necessaries while still a minor. (P. 191.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Sprowls brought trespass to try title against Bullock, and had judgment recovering land conveyed by him while a minor. Bullock appealed, and on affirmance of the judgment obtained a writ of error.

*A. H. Field* and *Jeff Word,* for plaintiff in error.—Where a minor sells and conveys property and after arriving at the age of majority elects to disaffirm his said sale and conveyance and brings suit against his vendee to set same aside, he must offer to restore, and restore, the consideration received by him, and it is the duty of the court to provide in its decree for the protection of such vendee in the recovery and return to him of the consideration so received by said minor. Bingham v. Barley, 55 Texas, 281; Vogelsang v. Null, 67 Texas, 465; Rutherford v. Stamper, 60 Texas, 447; O'Connor v. Vineyard, 91 Texas, 496.

*Harry P. Lawther,* for defendant in error.—It is not a condition precedent to the disaffirmance by one, upon coming of age, of a sale of land made during infancy, that he shall return the consideration received, if during infancy he have spent, consumed, or wasted the same, so that upon coming of age and to disaffirm his act, he has it not in his possession, nor under his control, and can not restore it. Tyler on Infancy and Coverture, sec. 37; Bishop on Con., secs. 940, 921; 10 Am. and Eng. Enc. of Law, 654; 1 Dev. on Deeds, sec. 96; 1 Minors' Institutes, 493, 494; McGreal v. Taylor, 167 U. S., 688; Eureka County v. Edwards, 71 Ala., 248; Manning v. Johnson, 26 Ala., 446; Railway v. Higgins, 44 Ark., 293; Shuford v. Alexander, 74 Ga., 293; Brandon v. Brown, 106 Ill., 519; Reynolds v. McCurry, 100 Ill., 356; Dill v. Bowen, 54 Ind., 204; Carpenter v. Carpenter, 45 Ind., 142; Briggs v.

McCabe, 27 Ind., 327; Miles v. Lingerman, 24 Ind., 385; Pitcher v. Laycock, 7 Ind., 398; Hawes v. Railway, 64 Iowa, 315; Jenkins v. Jenkins, 12 Iowa, 195; Vallandingham v. Johnson, 85 Ky., 288; Richardson v. Linney, 7 B. Mon., 571; Walsh v. Young, 110 Mass., 396; Chandler v. Simmons, 97 Mass., 508; Harvey v. Briggs, 68 Miss., 60; Brantley v. Wolf, 60 Miss., 420; Building Assn. v. Hermann, 33 Md., 128; Brawner v. Franklin, 4 Gill, 463; Boody v. McKenney, 23 Me., 517; Dawson v. Helmes, 30 Minn., 107; Lacy v. Pixler, 25 S. W. Rep., 206; Craig v. Van Bebber, 100 Mo., 584; Engelbert v. Froxell, 40 Neb., 195; Green v. Green, 69 N. Y., 553; Lemmon v. Beeman, 45 Ohio St., 505; Cressinger v. Welch, 15 Ohio, 156; Shaw v. Boyd, 5 Serg. & R., 309; Lane v. Dayton, etc., Co., 48 S. W. Rep., 1094; Nichol v. Steger, 2 Tenn. Ch., 328.

Where, upon a sale of land by an infant, the consideration was paid not to the infant, but to another who delivered the deed for the infant, but who did not pay over the money to him, the infant is not bound to restore the consideration when, upon coming of age, he elects to disaffirm the sale.  Vogelsang v. Null, 67 Texas, 465; Stull v. Harris, 51 Ark., 294; Fox v. Drewry, 35 S. W. Rep., 533; Richardson v. Pate, 93 Ind., 423; Law v. Long, 41 Ind., 586; Robinson v. Weeks, 56 Me., 102; Engelbert v. Troxell, 40 Neb., 195; Clark v. Tate, 7 Mont., 171; Griffis v. Younger, 6 Ired. Eq., 520; Ruchizky v. De Haven, 97 Pa. St., 202; Bedinger v. Wharton, 27 Gratt., 857.

A close consideration of the Texas cases will show that the question as to the infant's obligation to restore the consideration, when the same has been spent or disposed of during infancy, has never been passed upon in this State.

WILLIAMS, ASSOCIATE JUSTICE.—The facts affecting the question on which this writ of error was granted are the following:

Defendant in error, Sprowls, on the 3d day of February, 1894, being a minor 17 years of age, agreed with his stepfather, E. J. Allen, to buy a fifth interest in a mercantile business which the latter owned, and, in order to raise money to pay for it, proposed to sell to plaintiff in error, Bullock, the one-sixth interest now in controversy in land which he had inherited from his father.  The parties met and discussed the proposition to sell the land to Bullock, who at first demurred on account of Sprowls' minority, but finally consented to buy, upon Sprowls and Allen agreeing to execute a bond, with security, binding Sprowls to obtain the removal of his disabilities; or, if he failed in that, to ratify the sale when he attained his majority; and, in the event of his failure to do both, to refund the money expended on the land, etc.  The deed and bond were then executed by Sprowls and delivered to Allen, to be by him carried and delivered to Bullock.  Sprowls, at the same time, authorized Allen to receive from Bullock the purchase money of the land and retain it as payment for the interest in the mercantile business, and gave Allen an order on Bullock, authorizing the latter to pay

to the former the money for the purpose stated. The transaction was thus closed. Allen received and used the money, $666.66, and admitted Sprowls into the business as joint owner. While this joint business continued, Sprowls drew out of it $100. In a short time, Allen bought Sprowls' interest in the business in exchange for a tract of land worth $1200, incumbered by mortgages amounting to $900, besides interest. Not being able to discharge the liens, Sprowls sold his interest in the land for some personal property which he disposed of for $150. All of these transactions occurred while he was still a minor, and the money received for the personal property was likewise spent, for what, he states, he does not remember, before he reached his majority. In the opinion of the Court of Civil Appeals it is stated that this money was expended for clothing and support, but there is no evidence in the record to this effect. What the $100 received by him out of the store consisted of and the disposition made of it are not stated. Sprowls had none of it when he became of age. During the whole time covered by these transactions, Sprowls' mother was living and was his legal guardian.

This action was brought by Sprowls upon reaching majority, having for one of its objects the setting aside of his deed to Bullock and the recovery of the interest thereby conveyed. A judgment in his favor was affirmed by the Court of Civil Appeals.

The writ of error was granted upon the assignment that the judgment was erroneous in allowing plaintiff to recover without restoring the consideration received by him, our impression being that he should, at least, have been required to restore the $150 which the Court of Civil Appeals stated had been used by him in obtaining a support and clothing. Since the record does not bear out that statement, it is unnecessary to consider what would have been the proper judgment if the fact stated had existed.

The question presented is, whether or not the plaintiff was required, as a condition of disaffirming his conveyance and recovering the land, to restore a consideration received for it which was not in his possession or control when he arrived at full age, but had been dissipated by him while still a minor. If he is to be required to restore, without inquiry as to the disposition made by him of such consideration, we can see no reason why the exaction should not be a restoration of the whole sum paid by Bullock. He would not, in our opinion, be exempted from this requirement by the principle laid down in Vogelsang v. Null, 67 Texas, 465. In that case, the minor never received the purchase money, but it went into the hands of and was appropriated by those who joined with her in the conveyance. Here, while the money was not paid into the minor's hands, it was paid to Allen with his consent and in accordance with his agreement. He received it in the way in which he stipulated to receive it. The transaction was, in effect, the same as if the money had been paid to him and by him turned over to Allen, as the price of the interest in the business, and the question is exactly the same as would have arisen had such been the facts. He thus completely disposed of

the money during his minority, and, in the same way, he disposed of the property received for the business, and the money eventually received for the property. There can be no reason for holding him bound to restore the avails of the property which would not equally authorize the requirement that he restore the original purchase money. He disposed of all during minority without substantial or enduring benefit to himself.

In many of the opinions of this court, the general rule has been broadly announced that an attempt by the maker of a deed to disaffirm it on the ground that it was executed while he was under the disability of minority, must, in order to be successful, be accompanied by a restoration of the consideration received for the property conveyed. Cummings v. Powell, 8 Texas, 88; Womack v. Womack, 8 Texas, 417; Kilgore v. Jordan, 17 Texas, 356; Stuart v. Baker, 17 Texas, 421; Bingham v. Barley, 55 Texas, 285; Graves v. Hickman, 59 Texas, 383; Harris v. Musgrove, 59 Texas, 403; Vogelsang v. Null, supra; Wade v. Love, 69 Texas, 522; Ferguson v. Houston, etc., Railway Co., 73 Texas, 344; Houston, etc., Railway Co. v. Ferguson, 73 Texas, 349. But we think these decisions do not go farther than to state a general principle, the facts of the cases under consideration not requiring a more particular consideration of the subject for the purpose of defining the qualifications to which the rule might be subject. In all of them in which the right to disaffirm was denied, except Ferguson v. Railway, other reasons for the judgment besides the failure to restore existed; and in several of them, the rule was stated in general terms only by way of argument or illustration of other propositions. In none of them does any question appear to have been raised as to the disposition made by the minor of the consideration during his minority.

In the case of Ferguson v. Railway there was evidence to justify the conclusion that the party whose land was sold under a power of attorney executed by him while a minor, received and appropriated the proceeds of property, in which the money received by the agent for the land had been invested for his benefit, after he had arrived at full age, and that he then delayed action to disaffirm the transaction for two years. The case was decided upon all of the facts, of which the failure to restore the purchase money was only one.

That one disaffirming his deed on the ground that it was executed when he was a minor must restore the consideration, if it is still in his possession or within his control, is a proposition about which there can be no doubt. It may also be true that if he has used it during minority for purposes for which the law would permit him to charge his estate, as for obtaining necessaries, he must restore or account for its equivalent. Searcy v. Hunter, 81 Texas, 646; Womack v. Womack, 8 Texas, supra. If he has retained it until he reached full age and then appropriated it, this may be a sufficient reason, ordinarily, to preclude him from disaffirming the contract; or, if not to preclude him absolutely, to, at least, require him to pay its equivalent without inquiry as to the

purposes to which he has devoted it. What are the proper rules in such cases, as well as in those in which minors have deceived persons honestly dealing with them into buying their property in the belief that they are of full age, are questions which have no bearing upon this inquiry. The trade in this case was made with full knowledge by all parties that Sprowls had no power to bind himself by his conveyance. The effect of it, if it is to stand, was to convert property, which the law put it beyond his power to waste by injudicious management, into money, which he could waste and has wasted.

If a recovery of the land is to be denied him until he shall restore an equivalent for the money which he has thus been enabled to dissipate, the purpose of the law will be defeated, and his estate will be taken to make good the money which the person dealing with him has put it in his power to squander through his lack of discretion. The disability laid upon minors to sell their property will afford small protection if purchasers may pay them money upon it, and, after it has been lost through extravagance or indiscretion, hold the property as a security for the return of the money. Proper consideration for the interests of parties who thus knowingly deal with minors does not demand that the purposes of the law in imposing the disability should be defeated. Losses which occur in such dealings are only what persons buying property from and paying money to minors should expect from their presumed incapacity to judiciously manage business affairs, and they are natural consequences of such risks which can furnish no good reason for denying to the minors the protection which it is the purpose of the law to give them.

We do not think it was ever the purpose of the learned judges who wrote the opinions in the cases cited to lay down a rule so broad that, in its operation, it would conflict with the leading principle which renders minors incapable of conveying away their property; but that it was only meant to state a general principle under which all persons would be protected from loss as far as this could be done consistently with the protection designed to be given to the interests of the minor.

Other courts have stated the rule quite as broadly as has been done in the previous cases in this court, and some of their decisions are cited in Cummings v. Powell and Kilgore v. Jordan; but when circumstances such as exist in this case have arisen, the same courts have generally admitted the qualification that where the consideration has been wasted by the minor during his minority, he is not required to pay its equivalent as a condition of recovering property conveyed by him. Badger v. Phinney, 15 Mass., 363; Chandler v. Simmons, 97 Mass., 508; Taft v. Pike, 14 Vt., 405; Whitcomb v. Joslyn, 51 Vt., 79; Roof v. Stafford, 7 Cow., 182; Hillyer v. Bennett, 3 Edw. Ch., 222; Green v. Green, 69 N. Y., 553; Hill v. Anderson, 5 Smedes & M., 216; Harvey v. Briggs, 68 Miss., 60; Brantley v. Wolf, 60 Miss., 420; Craig v. Van Bebber, 100 Mo., 584. The great weight of authority, and, we think, the clear reason is in

favor of this proposition. McGreal v. Taylor, 167 U. S., 688, same case, L. C. P., 326, where many of the authorities are cited.

We therefore conclude that the courts below rightly held that the plaintiff was not, under the circumstances appearing, required to pay to the defendant any sum before recovering the land.

*Affirmed.*