GULF, C. & S. F. RY. CO. v. LEMONS et al.
(Court of Civil Appeals of Texas. Ft. Worth. Nov. 23, 1912. Rehearing Denied Jan. 11, 1913.)

1. CERTIORARI (§ 65*)—PROBATE COURTS—REVIEW OF DECISIONS—"TRIAL DE NOVO."
    A "trial de novo" means one "from the beginning, once more, anew," so that under Rev. St. 1895, art. 339, providing that on review by certiorari the cause shall be tried de novo in the district court, and the issues shall be confined to the grounds specified in the application for the writ, and article 1294, providing that cases brought up by certiorari from inferior courts shall be tried de novo, on certiorari from the district court to review an order of the county court approving a settlement of a minor's injury claim, the case must be retried upon the merits, without reference to errors in procedure committed in the county court, provided the issues are confined to the grounds of error specified in the application, so that questions as to what evidence was considered by the county court to the effect of its order are immaterial.
    [Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 176, 177; Dec. Dig. § 65.*
    For other definitions, see Words and Phrases, vol. 8, p. 7108.]

2. INFANTS (§ 84*) — ACTIONS BY NEXT FRIEND.
    By common law and Texas statutes a father may act as the next friend of his minor child in prosecuting suits for the child's interest, and the courts will generally give effect to his acts as next friend done in good faith.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 236–244; Dec. Dig. § 84.*]

3. GUARDIAN AND WARD (§ 62*)—ADVERSE INTEREST OF GUARDIAN — SETTLEMENT OF CLAIMS.
    A father's compromise of his own claim against a railroad company for injuries to his minor son for the sum of $2,500 under an agreement to settle both claims for $4,000, gave him such an adverse interest as guardian in the settlement of his son's claim as to make such settlement void, though he received his own settlement money before his appointment as guardian and the court's approval of the settlement of the son's claim.
    [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 288–293; Dec. Dig. § 62.*]

4. INFANTS (§ 11*)—REMOVAL OF DISABILITIES—RESIDENCE OF MINOR.
    In view of Rev. St. 1895, art. 3502, providing that, in proceedings to remove a minor's

disabilities, a copy of the petition shall be served upon the minor's father, if living within the state, the minor's residence when the application is made may be distinct from that of the father.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 12; Dec. Dig. § 11.*]

5. INFANTS (§ 11*)—REMOVAL OF DISABILITIES—JURISDICTION OF COURT.
    Under Rev. St. 1895, art. 3499, providing that a minor, desiring to have his disabilities removed, shall petition the district court of the county where he resides, an order of removal by a district court of the county other than that of the minor's residence was a nullity, though the minor consented thereto.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 12; Dec. Dig. § 11.*]

6. INFANTS (§ 31*)—SETTLEMENT OF CLAIMS—RATIFICATION.
    If a minor's disabilities had not at the time been removed, his appropriation of the proceeds of land purchased by his father out of a settlement of his claim for injuries would not ratify the settlement, if invalid, so as to preclude the minor from having the settlement set aside.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 41, 46, 50–63; Dec. Dig. § 31.*]

7. ESTOPPEL (§ 58*)—RELIANCE ON CONDUCT.
    If defendant railroad company was not misled or induced to prejudicially alter its position by an order purporting to remove a minor's disabilities, void because not made by the court of the county of his residence, the minor would not be estopped to assert the invalidity of the order, because he had, by his father's permission, appropriated the proceeds of his own labor for some time.
    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 144, 145; Dec. Dig. § 58.*]

8. GUARDIAN AND WARD (§ 70*)—SETTLEMENT BY GUARDIAN—RATIFICATION BY WARD.
    Where a minor did not ascertain the fact of his father's appropriation of money obtained in the father's settlement, as guardian, of a claim for injuries to the minor, until he attained his majority and sued to set aside the settlement, his mere unwillingness to theretofore demand such sum from his father, or demand rescission of his father's purchase of a farm with the proceeds of the settlement would not ratify it.
    [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 308–315; Dec. Dig. § 70.*]

9. APPEAL AND ERROR (§ 195*)—PRESENTATION BELOW—OBJECTIONS TO PLEADINGS.
    Where no objection was made by plaintiff in error to the amended petition for certiorari on the ground that it included matter not presented in the original petition, that question cannot be first raised on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1149; Dec. Dig. § 195.*]

Error to District Court, Parker County; J. W. Patterson, Judge.

Action by T. E. Lemons and others against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Terry, Cavin & Mills, of Galveston, H. C. Shropshire, of Weatherford, and Lee & Lomax, of Ft. Worth, for plaintiff in error. Stennis & Wilson, of Weatherford, for defendants in error.

CONNER, C. J. This case has been before us on a former appeal. 134 S. W. 742.

Briefly stated, the proceeding was instituted in the district court by petition for damages and for a writ of certiorari to the county court of Parker county to revise and correct an order of that court approving a settlement for $1,500 made by the plaintiff's father and the defendant railway company for injuries received by the plaintiff while a minor of tender years. The petition sets forth the circumstances and extent of the plaintiff's injuries, so as to show liability therefor on the part of the railway company, avers that the settlement was grossly inadequate, and that it should be set aside for reasons more fully hereinafter appearing, and the prayer was for the recovery of damages laid at $10,000.

The defendant railway company, among other things, pleaded the general denial, and specially set up the settlement and approval of plaintiff's claim by the county court, particularly denying the facts alleged as grounds for its impeachment, and further charged that after plaintiff had attained the age of 19 years his disabilities as a minor had been legally removed in the district court of Parker county, after which he had appropriated the proceeds of his father's settlement, and had thus in all things ratified it.

After the introduction of the testimony the court instructed the jury, among other things, that if they found the negligence of the defendant railway company and plaintiff's injuries as alleged, they should find for the plaintiff, unless they found for the defendant under other instructions, which relate for the greater part to the special issues tendered in the defendant's answer. The trial resulted in a verdict and judgment for the plaintiff in the sum of $1,800, from which the defendant railway company has duly prosecuted this writ of error.

Error is assigned to the court's action in refusing to give a peremptory instruction in favor of plaintiff in error as specially requested, and under this assignment are grouped the principal propositions presented for our consideration. It is contended in behalf of the railway company that the evidence indisputably shows that the agreed settlement of the plaintiff's cause of action for $1,500 had been approved by the county court of Parker county, after the county judge had been fully informed of the particulars of the settlement and of the minor's injuries, and that therefore the order of approval is conclusive, and precludes a recovery herein. On the other hand, it is the contention of the defendant in error that the order was made without the asserted information, and was, moreover, void because of an adverse interest of the minor's father in the subject-matter of the settlement. If the question of the validity of the county court's order referred to is to be accepted as now material, we would feel no hesitation in saying that the evidence on the trial in the district court on the issues indicated was at least of conflicting tendencies, and that, therefore,

the court did not err in submitting them to the jury. But in our opinion the questions of whether evidence, if any, was heard by the county judge when he approved the settlement, and whether effect is to be given to the county court order, are here wholly irrelevant and immaterial, although it would, of course, be otherwise on collateral attack.

[1] It is to be remembered that the assault on the county court proceedings was direct. It was by certiorari under Rev. St. arts. 2800, 332, and other articles of chapter 1, title 15, regulating the subject. Such proceeding is in effect but one of the modes of appeal, and one in which it is expressly provided (see article 339, chapter 1) that "the cause shall be tried de novo in the district court, but the issues shall be confined to the ground of error specified in the application for the writ," etc. A de novo trial means one "from the beginning; once more; anew." See Standard Century Dictionary, title "De Novo." Article 1294 of the Revised Statutes declares that: "In all cases brought up from inferior courts, whether by appeal or certiorari, the case shall be tried de novo." In discussing this article of the statute our Supreme Court in White Dental Mfg. Co. v. Hertzberg, 92 Tex. 528, 50 S. W. 122, say, quoting the article: "It results from this, as we think, that, when a case reaches a superior court upon an appeal from an inferior tribunal, the original cause of action is to be tried as any other case when a judgment has been rendered and a new trial has been granted." While the jurisdiction of the district court to revise the proceedings in controversy of the county court was appellate only, its powers in the trial and disposition of the appeal were the same as in other cases, except that it was restricted to a trial of the issues presented in the petition for certiorari. It could neither affirm the order of the county court upon the record sent up from it, nor reverse an order for errors committed and remand the case for a new trial. In the district court the cause must be retried upon its merits, without any reference to errors in procedure committed upon the hearing in the county court; the only restriction being that the issues are to be confined to the grounds of error specified in the application for the certiorari. See Jirou v. Jirou, 136 S. W. 493. It is not insisted that plaintiff's petition for certiorari was insufficient, or that the appearance of the case in the district court was otherwise than regular, so that we think the material question for our determination is whether, under the plaintiff's pleadings and the evidence, the verdict and judgment of the district court in conflict with the settlement approved in the county court is to be sustained, and of this we entertain no doubt.

In the petition upon which the case was tried in the district court, among other things, it was distinctly alleged, in effect, that the settlement with the defendant rail-

way company made by the plaintiff's father was grossly inadequate, and that the father was disqualified by reason of adverse interest in the subject-matter. The evidence seems undisputed to the effect that after the plaintiff's injuries, he then being a minor of about nine years of age, the plaintiff's father, T. D. Lemons, first employed an attorney to prosecute the claim of his minor son against the railway company, and that steps looking to a compromise of the claim had been taken, when the father, being informed by another attorney that he also was entitled to a recovery, employed such other attorney for the prosecution of his own claim. Upon being informed of this fact, however, the counsel first employed objected, stating in effect that, if the independent suit was prosecuted by T. D. Lemons, it would break up the compromise. T. D. Lemons thereupon discharged his attorney, and directed the attorney first engaged to make the settlement for both claims. This attorney, T. D. Lemons, and a claim agent of the defendant railway company all finally agreed upon the settlement of both claims for the gross sum of $4,000, $2,500 of which was to be paid to the father, T. D. Lemons, and $1,500 to the minor; it being stipulated that, before the payment for the benefit of the minor could be made, it would be necessary that a guardian be appointed and that the payment be made to such guardian. Thereupon T. D. Lemons, the father, having received the $2,500 awarded to him under the terms of the agreement, applied for letters of guardianship which were issued to him, and after which he reported the claim to the county court and asked for an approval of the settlement made, which, as before seen, was done, and the $1,500 paid to him.

[2, 3] By the common law, and in this state by statute, a father may act as next friend for his minor child in the prosecution of suits in the child's interest, and the courts, generally speaking, will give effect to the acts of the next friend, when done in good faith, but in the case of Lumsden v. C., R. I. & T. Ry. Co., 23 Tex. Civ. App. 137, 56 S. W. 605, we had occasion to determine the effect of a mother's interest upon an agreed judgment for damages to both the mother and her minor daughter, resulting to them from the death of the husband and father, and we held that, inasmuch as the agreement undertook to apportion the damages to the detriment of the minor, the mother was wholly disqualified to act. In our judgment the principle is a sound one and has application here. The father's agreement with the railway company in behalf of his son was not only without any character of authority, but was also affected with the undisputed fact of his own adverse interest. It may be well assumed that the prospect of getting immediate possession of the cash sum of $2,500 would have influence with the father in giving his consent that the less sum should go to the plaintiff in this suit, and while it is true the father had received the share coming to him by the terms of the settlement before his appointment as guardian, and before the county court's approval, the influence of the previous illegal agreement tainted the proceeding before the court. The court's approval was at the instance of the father, and a natural result of the previous agreement was to influence the father and guardian to confine the court's approval to the exact amount previously agreed upon, whereas it was his duty to secure a larger amount, if warranted by the facts. The mere fact that the amount agreed upon was inadequate may not be, as plaintiff in error contends, of itself sufficient to disturb the agreement or establish the invalidity of the court's approval; but where as here, the inadequacy of compensation is in effect conceded, and is abundantly established by allegation and proof, slight additional circumstances of unfairness affecting the amount will be given weight, and in the case before us the father and guardian's adverse interest is such additional circumstance as authorized a settlement variant from that which was approved. We can but approve the verdict and judgment below, which in effect disregards the agreement mentioned. The court in its charge in no instance authorized a recovery by the plaintiff in event the jury believed the $1,500 received by T. D. Lemons for the benefit of his minor son was an adequate compensation, and that it was inadequate, as before indicated, both allegation and proof fully supports. Under such circumstances, therefore, it cannot be said that the court should on this ground have given the peremptory instruction requested.

[4-6] It is also contended that the evidence is undisputed that the plaintiff appropriated a part of the proceeds of the $1,500 paid plaintiff's father after the removal of his disabilities as a minor, and that for this reason plaintiff could not recover. The facts relating to these issues are in part as is asserted; that is, it was shown without dispute that after the father received of the defendant company the $1,500 agreed upon by him and an agent of the company as the proper compensation to be allowed for the minor's injury, the father invested $1,000 of the amount in a tract of land, appropriating the remaining $500 to his own use, which was later sold by the plaintiff after an attempted removal of his disabilities as a minor by the district court of Parker county; he having at the time full knowledge of the settlement. The court instructed the jury to the effect that if they so found the facts, and further found the fact hereafter mentioned as necessary to give validity to the order of removal of disabilities, they should find for the defendant. But in this connection the court charged the jury that if, at the time of the judgment of removal, the plaintiff did not reside in Parker county, where the judg-

ment was rendered, but in Dallas county, the judgment was of no effect, and this was a controverted issue, upon which the evidence was at least conflicting, if it did not preponderate in plaintiff's favor. In the light of the verdict, therefore, it must now be accepted as a fact that, when the district court of Parker county undertook to remove plaintiff's disabilities as minor, he was in fact a resident of Dallas county, and not of Parker county. Article 3499, c. 2, tit. 72, Revised Statutes, provides that a minor, desiring to have his disabilities as minor removed, shall, to attain that end, present a petition therefor to "the district court of the county where he may reside," etc. It is further provided (article 3502) that in all proceedings under the title "a copy of the petition shall be served upon the father of the minor, if living within the state," etc., thus necessarily implying, as we think, that the residence of the minor may be distinct from that of the father, contrary to a subsidiary contention of the plaintiff in error that the residence of a minor is as a matter of law that of the father when living; it here appearing that the father resided in Parker county at the date of the judgment under consideration. The proceeding being special in character a district court of any county other than Dallas county was without power to remove the plaintiff's disabilities, and in our opinion the judgment was a nullity for want of jurisdiction on the part of the court making the order, and that the court's instruction on the point was correct. See our opinion on the former appeal. The plaintiff's appropriation of the proceeds of the land purchased by his father, therefore, does not operate to preclude him from a recovery in this suit; it being undisputed that he was at the time a minor. See Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849.

[7] Defendant in error presents a number of less important questions that are more or less interwoven with those already discussed, and which we should, perhaps, briefly notice. In the application for the removal of the plaintiff's disabilities his residence was stated to be in Parker county, and it appeared in the evidence that for several years prior thereto the plaintiff, by permission of his father, had been laboring for himself and appropriating the proceeds of his labor to his own use; and it is insisted that under such circumstances he is estopped to now claim that his residence was in Dallas county at the time of the order removing his disabilities, and that to now permit him to so claim constitutes fraud upon the jurisdiction of the court. We think, however, that consent could not confer jurisdiction, and that the evidence fails to establish a case of estoppel or fraud. The application was prepared and prosecuted by counsel of unquestioned integrity, and all parties to the proceeding undoubtedly knew

that the applicant was at the time actually living in Dallas city and county, and had been so living for several years, and there is nothing that suggests to our minds a want of good faith on the part of either the counsel or of the applicant. It appears that T. D. Lemons, the father, was at the time a resident of Parker county, and it is quite probable that all parties to the proceeding entertained the mistaken view, now urgently insisted upon in behalf of plaintiff in error, viz., that the legal residence of the minor was in the county of the father's residence. Viewed as a matter of estoppel, plaintiff in error is in no attitude to complain. It nowhere appears that because of the order the defendant company has been misled, or induced thereby to part with anything of value, or to otherwise alter its position to its prejudice. We should, perhaps, also mention in this connection the further contention that because of the father's emancipation of the minor, and of his subsequent appropriation of the proceeds of the land herein before mentioned, the original contract of settlement with the defendant company was ratified, regardless of the question whether his disabilities as a minor had been removed; but we regard the case of Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849, hereinbefore cited, as conclusive against this contention.

[8] It is further insisted that after the plaintiff became 21 years of age he confirmed and ratified the settlement made by the father. This contention is based upon the fact that while the plaintiff was upon the stand as a witness he stated, among other things, that he had at no time sought to disaffirm the sale of the land bought for him by his father, and had not sought to recover from his father the $500 of his money that the father had appropriated, and that he never intended to do so. It also appears that after the sale of the land by the plaintiff he invested $600 of the proceeds in typewriting materials for the purpose of establishing a business of that character in Dallas, and that at the date when he attained his majority, about the 1st of January, 1907, he "still had one of the typewriters." He testified that he did not ascertain the fact of the father's appropriation of the $500 until after the institution of this suit, and his mere unwillingness, in the absence of some affirmative act, to make demand therefor against his father, and to demand a rescission of the sale of the farm, certainly cannot be construed as a ratification of the original settlement. To make formal demands, rather than the failure to make such demands, would the more forcefully indicate ratification. It is certainly true that at no time after the plaintiff attained his majority did he receive or appropriate anything coming from the defendant railway company.

[9] It is further contended that the court erred in submitting to the jury the question

of whether plaintiff's father was adversely interested to him in the matter of making the settlement, "because no such matter was made a ground for certiorari, and under the law, and under the statutes, not having been made a ground for certiorari, the fact, even though it existed, could not constitute an issue in the case in the district court of being ground for setting aside the judgment of the county court." As to this, in addition to what we have heretofore said, it should, perhaps, be stated that, while the original petition for writ of certiorari did not in terms ·charge fraud, or that the father was interested, the relationship of the father and the facts of the settlement were alleged, and the interest of the father was thereafter more fully and particularly set up in the amended petition, upon which the trial was had. It does not appear from plaintiff in error's brief that any objection to the amended petition was urged on the ground that it included matter not presented in the original petition, nor does the brief disclose that objection was made to the evidence establishing the interest of the father, so that the contention would seem to be wholly untenable.

On the whole, we think that the evidence supports the material allegations of the plaintiff's petition, and that the foregoing conclusions substantially dispose of all questions presented by plaintiff in error's assignments of error. They are, therefore, all overruled, and the judgment affirmed.