## ROBINSON et al. v. ROQUEMORE.
### (No. 3511.)

Court of Civil Appeals of Texas. Texarkana. Jan. 26, 1928.

1. **Appeal and error ⬅️907(3)—In absence of statement of facts, findings of fact, and conclusions of law, it must be inferred that evidence warranted judgment notwithstanding jury's findings.**

Where there is no statement of facts in the record and no findings of fact and conclusions of law were filed, Court of Civil Appeals must infer that evidence warranted judgment notwithstanding findings of jury.

2. **Infants ⬅️58(2)—Buyer claiming minority held liable for purchase price, where he did not offer to return automobile and did not allege or prove inability.**

Buyer of automobile claiming minority as defense *held* liable to seller for purchase price, where he made no offer to return automobile and did not allege or prove that he was unable to do so.

3. **Infants ⬅️47—Minor's contract purchasing articles not necessaries is voidable only.**

Minor's contract, even for purchase of articles not properly classed as necessaries, is not void, but voidable.

4. **Infants ⬅️58(1)—Minor must disaffirm contract purchasing articles not necessaries within reasonable time after majority.**

To escape liability, minor must disaffirm contract for purchase of articles not necessaries within reasonable time after he attains his majority.

5. **Infants ⬅️102—What is reasonable time after majority within which to disaffirm contract purchasing articles not necessaries is usually fact question.**

Question what constitutes reasonable time after majority within which to disaffirm contract for purchase of articles not necessaries is usually question of fact, to be determined by particular circumstances.

6. **Infants ⬅️98—Judgment against buyer claiming minority for failure to disaffirm might not be held erroneous, in absence of evidence to show why disaffirmance was not made before answering or within reasonable time after majority.**

Judgment for purchase price of automobile against buyer claiming minority, based on failure to disaffirm within reasonable time after attaining majority, might not be held erroneous

by Court of Civil Appeals, in absence of any evidence tending to show why disaffirmance was not made before filing of answer, or within reasonable time after attaining majority.

Appeal from Panola County Court; J. G. Strong, Judge.

Suit by J. D. Roquemore against Jesse Robinson and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

H. N. Nelson, of Carthage, for appellants. J. R. Duran, of Carthage, for appellee.

HODGES, J. On October 18, 1924, the appellee, Roquemore, filed this suit against Jesse Robinson and the other appellants to recover on a promissory note for the sum of $200 and to foreclose a chattel mortgage on an automobile and Robinson's interest in a bale of cotton. The petition alleges that the note was executed by Robinson on the 20th day of September, 1923, as part of the purchase price of a Ford car. The other appellants were made parties defendant on the ground that they were claiming some interest in the car.

The principal defense pleaded by Robinson was that at the time he executed the note he was a minor. He does not state what his age then was or what it is now. The court submitted two issues to the jury, in response to which they found that at the time the note was executed Robinson was a minor and that the car purchased by him was not a "necessary." Upon those findings a judgment was entered in favor of the plaintiff in the suit. In this appeal it is insisted by appellants that the findings of the jury required a judgment in their favor.

[1] There is no statement of facts in the record, and no findings of fact and conclusions of law were filed by the trial court. We must therefore infer that the evidence warranted the judgment, notwithstanding the findings of the jury.

[2] In this appeal appellee defends the judgment upon the ground that Robinson made no offer to return the automobile, and did not allege or prove that he was unable to return it. In Hughes v. Hughes, 221 S. W. 970, the Commission of Appeals uses this language:

"It is settled that one seeking disaffirmance of his deed or contract, on the ground of minority, must restore the consideration, if still in his possession or within his control. Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849. The inability of Hughes to restore the consideration was properly alleged, but no evidence of such inability was adduced."

That ruling was approved by the Supreme Court, and appears to justify the judgment rendered in this case.

[3-6] It is a well-settled principle of law

that a minor's contract, when made even for the purchase of articles not properly classed as "necessaries," is not void, but only voidable. The minor must disaffirm such a contract within a reasonable time after he attains his majority. What constitutes a reasonable time is usually a question of fact to be determined by the particular circumstances of the case. Kilgore v. Jordan, 17 Tex. 341; Stuart v. Baker, 17 Tex. 421; Bingham v. Barley, 55 Tex. 281, 40 Am. Rep. 801; Simkins v. Searcy, 10 Tex. Civ. App. 406, 32 S. W. 849. The record before us does not show when Robinson attained his majority. The note was made in September, 1923. He may have attained his majority within a few days thereafter. His answer was filed in February of 1925.

In the absence of any evidence tending to show why a disaffirmance was not made before the filing of that answer, or within a reasonable time after attaining his majority, we are unable to say the court was not also justified in basing his judgment upon a failure to disaffirm within a reasonable time after Robinson became of age.

The judgment will therefore be affirmed.