### [450] SEARCY v. THE STATE.

The omission of an indictment to lay a *venue* to the offense charged is a fatal defect, which may be taken advantage of by motion to quash or in arrest.

At common law the *venue* must be laid in the county where the offense is committed, and the evidence must show that it was committed in the county where the *venue* is laid.

At common law, where an offense was committed in one county and consummated in another, the venue could be laid in neither, and the offender went unpunished.

Appeal from Collin. The appellant was indicted at the Spring Term, 1848, of the District Court for Collin county, upon a charge stated in the indictment as follows;

"The grand jury," &c., "present that Leonard Searcy, late of the county aforesaid, on the twelfth day of June, in the year of our Lord one thousand eight hundred and forty-eight, (the said Leonard Searcy being then and there assessor and collector of taxes in and for Collin county aforesaid,) did willfully receive the inventory of the taxable property of Alfred Johnson, and made his assessment thereon; and he, the said Leonard Searcy, assessor and collector as aforesaid, did not then and there, or at any other time or place, require said Alfred Johnson to swear to said inventory, nor was the same sworn to, contrary to the statute in such cases made and provided," &c.

The defendant moved to quash the indictment. This motion was overruled. There was a trial and conviction. The defendant then moved for a new trial, which being refused, he moved in arrest of judgment, on the following grounds: 1st. There is no averment in the indictment that the offense charged was committed in Collin county; 2d. There is no averment that Alfred Johnson was an inhabitant of the county; or, 3d. That the act constituting the supposed crime was unlawfully committed; [451] and, 4th. That the indictment

charges no crime known to the laws of this State. This motion the court overruled, and the defendant appealed.

*Everts* and *Trimble,* for appellant.

*Hamilton,* for appellee.

WHEELER, J. Without entering upon a particular examination of all the errors assigned, it is clear that the judgment in this case cannot be maintained.

There is no *venue* laid in the indictment to the facts charged as constituting the offense. And this is a fatal defect, for which the indictment ought to have been quashed or the judgment arrested on the motion of the defendant. At common law, says Mr. Chitty, (1 Chit. Cr. L., 177,) the venue should always be laid in the county where the offense is committed. And it does not lie on the prisoner to disprove the commission of the offense in the county in which it is laid, but it is an essential ingredient in the evidence on the part of the prosecutor to prove that it was committed within it.

At the common law the venue was always regarded as a matter of substance; and hence, where the offense was committed in one county and consummated in another, the venue could be laid in neither, and the offender went unpunished. (Ib.) But in the present case the offense is not alleged to have been committed in any county; and we have no statute dispensing with the necessity of that averment.

Judgment reversed.