### HENRY HIRSHFIELD v. J. V. DAVIS, ADM'R.

1. PROBATE SALE—APPEAL.—An appeal will lie from an order of the District Court disapproving a sale made by an administrator in favor of the purchaser at such sale under the probate act of 1870.
2. PROBATE SALE—FAIRNESS OF SALE.—A probate sale has not been *fairly* made when made for an inadequate price.
3. DISAPPROVAL OF SALE.—A probate sale at an inadequate price should not be approved by the District Court.
4. See facts held evidence of inadequacy of price in a probate sale.

APPEAL from Travis.   Tried below before the Hon. J. P. Richardson.

This is an appeal from an order setting aside an administrator's sale.

J. V. Davis, the administrator of S. E. Mosely, applied for and obtained an order from the District Court doing probate business, for the sale of lots 5 and 6 in block 44, in the city of Austin, on the 7th day of February, 1874.

On the 8th of July, 1874, the administrator reported to the court that in compliance with the order of sale he had sold the property to appellant for the sum of $2,900 in gold. But he did not recommend the confirmation of the sale, and asked that it be set aside, with liberty to sell at private sale till October, 1874, and if not sold at private sale he should sell at public sale on the first Tuesday in October.   He stated that it would be detrimental to the inter-

ests of the estate to confirm said sale, because he was confident of being able to sell it for a much larger sum at private sale, or if he failed in that he thought it would bring much more at public sale about the first of October, 1874. He represented that it was an "unpropitious" time (in July, 1874) to sell, and that he believed when the current crop began to come in he would be able to find an "abundance of purchasers." He stated that before the order of sale was made, and since he was administrator, he had been offered àt private sale $5,000; and since the order of sale was made he had been offered more than was bid, but he did not accept it because he thought it was not enough. He thinks the property worth $4,000 in gold; he thinks he can realize $3,500 in gold for it before October, 1874; that the $2,900 will not be enough to pay all the debts, but he thinks he will realize enough by October if he has an opportunity to re-offer the property for sale.

Appellant filed his motion to have the sale confirmed, etc., averring the regularity and fairness of the sale; that the property sold for its full value, etc., etc.; that the interest on the special liens that would accrue would be more than any additional sum the property would be likely to sell for.

The court heard proof and set the sale aside, and appellant appealed. Witnesses for appellant testified that they knew the value of such property in Austin, and that the property was not worth more than $2,700, $2,800, $2,900, or $3,000; that it sold for its full value.

The administrator then read the portion of the inventory embracing this property to show that they appraised it at $5,000. These were all the material facts proved.

Appellee filed a motion to dismiss the appeal, because made from a discretionary order of the District Court sitting in matters of probate, and because such character of order is not the subject of revision.

*Walton, Green & Hill,* for the motion to dismiss, cited Paschal's Dig., 1327, 5713; Davis *v.* Stewart, 4 Tex., 225; Yerby *v.* Hill, 16 Tex., 381; Wells *v.* Mills, 22 Tex., 304.

*Sheeks & Sneed,* for appellant.

A review of the cases cited and relied upon by the administrator in the court below we submit will show that none of them apply in this case, and that the reasoning of this court sustains the version of the law taken by us.

In Davis *v.* Stewart, 4 Tex., 222, this court held that if the probate judge "should believe that the sale was not fairly made, or that it was not made in conformity with law, it would be his duty to set it aside," &c. There is no question of the kind presented in this case. The court held, also, that the discretion of the probate judge was very great in such matters; but we submit that that discretion was only in regard to matters that were brought within the range of his discretionary powers by the law, and none others. In that case the judge did not say (nor did the record show) why he refused to confirm the sale; and the presumption was that his ruling was not an abuse of his discretionary powers.

In this case the record including the order shows that the order was not made for any reason known to the statute, but was made because the price was deemed by the court in some measure too small.

The case of Yerby *v.* Hill, 16 Tex., 377, simply affirms the doctrine of Davis *v.* Stewart. If the sale "is not fairly made it ought to be set aside." Again we say there is no such question in the case at bar. The other points decided in this case have no bearing upon the point now before this court.

In Wells *v.* Mills, 22 Tex., 302, the same doctrine is affirmed. This language is held in regard to the probate judge: "He is required to affirm the sale or not, as he may or may not be 'satisfied of its fairness.'"

The cases were all decided under the statute as found in article 1327, Paschal's Dig., which seems to have made no distinction between public and private sales, and were all made to turn upon a point that was never presented in this case, *i. e.*, the fairness of the sales.

The new statute makes a distinction between public and private sales, and the court treated this as a private sale under that law. We submit that this was error, and that the case should be reversed, the sale confirmed, and the proper judgment rendered in this court.

Moore, Associate Justice:—The four hundred and twentieth section of the act regulating proceedings in the District Court in matters of probate says, "Any person who may consider himself aggrieved by any decision, order, or judgment of the court, or by any order of the judge thereof, may appeal to the Supreme Court as a matter of right, without bond." Such appeal, however, will not suspend the decision, order, or judgment, except in the particular cases named, unless bond is given as provided in a subsequent section of the statute, (sec. 424.) This provision authorizing an appeal as a matter of right seems unquestionably sufficiently broad and full to comprehend the order or decree of the court which we are asked by appellant to review and revise. It is true there is little if any difference in the terms in which an appeal is given by this statute to this court from the orders, decrees, and judgments of the District Court, and that by which appeals were authorized in the act of 1848, regulating proceedings in the county court pertaining to estates of deceased persons, from the county court to the District Court. (Paschal's Dig., art. 1385.) Yet it has more than once been strongly intimated by this court that no appeal would lie on such an order as is here in question. (Davis *v.* Stewart, Administrator, 4 Tex., 225; Yerby *v.* Hill, 16 Tex., 381; Wells *v.* Mills, 22 Tex., 304.) Still in none of the cases in

which the question has been referred to by the court has there been any express or direct ruling to this effect. If the point had been definitely passed upon and decided by the court previous to the enactment of the present law we might have felt warranted in applying a like construction to it. In the absence of such decision, we think the language of the statute too clear and positive to justify our disregarding its plain terms. The matter complained of is certainly an order of the court, and appellant may, for aught the court can say in considering the question of jurisdiction on his appeal, justly regard himself as aggrieved by the decision of the court.

However great may be the discretionary power intrusted to the District Court in matters of this kind we are not prepared to say that it is an entirely uncontrolable and unlimited discretion. The court in such case, as well as in many others in which it has to act under this same statute, is intrusted with very great discretionary power with its action, in exercise of which this court ordinarily will not interfere. Still this is a legal and not an arbitrary discretion. The order, therefore, is such an one as to which this court may exercise a revisory appellate jurisdiction.

It is evidently not for the interest of estates that there should be no appeal from the orders, decisions, and judgments of the District Court in such cases as this and others in which it is entrusted with large discretion. If not, an appeal could no more be prosecuted by the administrator, heirs, or creditors of the estate from an order confirming an injudicious or unfair sale than it could be by the purchaser when the sale is set aside. Certainly if those interested in an estate, who have an interest in and may insist on the confirmation of the sale, may appeal from an order setting it aside, the purchaser should have the corresponding right to show its fairness. And if the representatives of the estate are interested in having it confirmed, the purchaser may be, in many instances, greatly

interested in the fulfillment of his contract, even when he is to pay a full, fair, and adequate consideration for the property. And if his rights in the premises are clearly disregarded and violated by the action of the court in setting the sale aside, he would be entitled to appeal to this court from such order. The motion to dismiss the appeal is overruled.

We are not of opinion, however, that any such error is shown in the record in the exercise by the District Court of its discretionary power in the matter in question as calls for the reversal of the judgment.

Under our present probate law the court may authorize the sale of land belonging to estates by the administrator, either at private or public sale as it may deem for the interest of the estate. In either case the sale must be confirmed by the court. If the land is sold by the administrator at private sale, before the sale can be confirmed it must be shown, in addition to the requirements in case of public sale, that the sale was made for a fair price. When there has been a public sale it is provided, if it appears "to have been fairly made and in conformity to law, the court shall make the order confirming it," &c. (Paschal's Dig., arts. 5712, 5713.)

Appellant insists that we must infer, from its being expressly required in the first of these sections of the statute, that it shall be shown, before the private sale shall be confirmed, that it was made for a fair price; that in case of public sale it is immaterial whether it brought a fair price or not. If the sale has been fairly made, and in conformity to law, it is the duty of the court to confirm it. We cannot agree in this construction of the statute. It will be observed that its provisions, as regards public sales, are the same as those contained in the law of 1848; and that they, while that law was in force, were understood and held to refer to and include the fairness and adequacy of the price at which the land was sold, as well as its con-

formity to law and the absence of fraud or any unfairness in manner of making the sale.

The sale has not been fairly made if it appears that the land has been sold for an unfair or inadequate price. The word "fair," as defined by Webster, is synonymous with honest, equitable, impartial, reasonable. If, therefore, it appears that the price at which the land was sold was inequitable or unreasonable, the sale, within the meaning of the law, has not been fairly made and should not be confirmed. That it was made according to law, without fraudulent contrivance or anything whatever being done to stifle competition or to depress its price, may ordinarily be regarded as *prima facie* evidence that the property offered was sold for a fair and adequate price. This probably indicates the reason for the difference in the language of the two sections of the statute. In the one, if it appear *prima facie* that the sale has been fairly made—that is, among other things, that it has been made for a reasonable and adequate price, and in conformity to law—the court shall confirm it; while in the other, in addition to the regularity of the sale, its freedom from all fraud and *prima facie* adequacy of price, it shall also be affirmatively shown that the sale was made for a fair price.

As we have said, in reviewing the action of the court in either confirming or setting aside the sale much weight is due to the large discretion which is unquestionably intrusted to the District Court. In the proper exercise of this discretion it should no doubt give due weight to the appraised value of the property, to the sworn report of the administrator, evidence which may be adduced tending to show its value at the time and circumstance under which the sale was made, the probable consequences of a postponement and resale at a subsequent day, and the apparent and probable motives of those urging and resisting its confirmation. And in the light of these and other considerations which might be suggested, the action of the court

should be that demanded by the equity of the case and the best interests of the estate. The purchaser being aware when the sale is made that he has no title unless the sale is confirmed, if there is a conflict between his interest and that of the estate, the preference must ordinarily be given in favor of the latter.

If the court below, in the exercise of its discretion, refuses to confirm the sale, this court will not disturb its judgment unless it be made clearly to appear that it has exceeded the just limit of judicial discretion to the plain and manifest detriment of the appellant. On the facts of this case, as shown by the record, we cannot say that this has been made affirmatively to appear.

The judgment is therefore affirmed.

AFFIRMED.