JOHN D. HARDIN, ADM'R, v. LYD SMITH ET AL.

1. PROBATE SALE UNDER ACT OF 1870.—Under the Probate act of 1870, an administrator sold lands of the estate lying in other counties. A return of the sale was made. Subsequently, the administrator finding that the lands were of much greater value than the sum,

realized, so represented to the court, and asked that the sale be set aside. The purchaser resisted, and objected to testimony showing the value of the land. The court below sustained exceptions to the testimony, and approved the sale : *Held*—

1. That inadequacy of price is sufficient reason to set aside the sale.

2. That the exclusion of the question and answer, "What is the value of the land?" on the ground that the court had no authority to inquire into the value of the land, raises the question of the value before the court under the allegation made, for revision on appeal.

3. The refusal to hear such evidence is equivalent to a dismissal of the application to set aside the sale for insufficiency.

2. APPROVED.—Hirshfield *v.* Davis, 43 Tex., 161, approved.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

Under an order of the District Court, on the probate docket, of Washington county, certain lands, belonging to the estate of Samuel Edney, deceased, were sold to Lyd Smith and others. The administrator made return of the sale. The reports under oath showed that the sales "were fairly and legally made, after full notice to all parties interested." The lands brought twenty-eight cents per acre. Subsequently, the administrator filed objections, not under oath, to the confirmation of the sale, stating that since the sale he "has learned that two of the tracts are worth from two to five dollars per acre, and if sold in the county where located, they would realize that sum."

The purchasers, who are the appellees, filed a counter-application, asking that the sale be confirmed, alleging the purchase was fairly made, and without fraud, readiness to comply with terms of the sale, &c., but not denying the allegations made by the administrator as to the value of the land.

On the trial, the court refused to hear testimony as to the value of the land, and holding that the sale was fairly made, and in conformity with law, confirmed it, and directed title to be made to the purchasers.

From this the administrator appealed, assigning for error "the refusal of the court to hear evidence of the value of the land."

The case was advanced under rule 59.

*P. H. & J. T. Swearingen,* for appellant.—The appellant offered to prove the value of the land, when appellee objected to the evidence, on the ground "that the court had no authority to inquire into the value of the land." If the objection was tenable, it came from an improper party. (Wells *v.* Mills, 22 Tex., 302; Yerby *v.* Hill, 16 Tex., 377.)

It may be urged, by appellee, that these decisive authorities are based upon the old statute requiring the chief justice "to inquire into the manner in which said sales were made, and if satisfied that the sale was fairly made," &c., (Paschal's Digest, art. 1327,) and are inapplicable under the new code, which authorizes the court to confirm, if the sale, upon inquiry, "appears to have been fairly made." (Probate Laws, sec. 245.)

If this position is taken, we quote from preface to Sayles' Probate Laws of Texas, the author of which is one of the distinguished counsel for appellee, and the reputed author of the present Probate law: "It will be seen upon a comparison of the old law and the new, that while the former has been changed, and some minor details have been altered and, it is believed, amended, the ground-work and essentials of the system remain the same, and the decisions of the courts upon the old law still furnish a guide and an authority under the new." In this instance, at least, it may be safely said that the change is immaterial, and has reference only to the superior discernment and power of the court to which the law was then committed. It was never intended that the competency or insufficiency of evidence of fairness or unfairness would be affected by the change, much less that it would authorize the rejection of all evidence on such an issue. Both the old law and the new refer the matter to the court, and require

an "inquiry into the manner in which the sale was made." Certainly for some purpose.

*Sayles & Bassett,* for appellee.—The Probate law (sec. 245) requires that the court shall inquire into the manner in which the sale of lands is made, "and if it appears to have been fairly made, and in conformity to law, the court shall make an order confirming it," &c. The only inquiry in relation to a public sale is as to the manner in which it was made, and the court, under the statute, has no authority to inquire into the value of the land.

In private sales, the statute directs that, in addition to the requirements of section 245, it must be shown that the sale was made for a fair price. (Probate Law, sec. 244.) This requirement, then, does not apply to public sales. It is an additional requirement, relating to private sales only. The administrator did not show, nor did he offer to show, that the lands were not sold "at a fair price." He offered a witness to "prove value of said lands"; but it does not appear therefrom what value would have been shown by the witness, and *non constat* that the evidence offered, if admitted, would have changed the decision. An offer to prove the value of the land amounted to nothing. A confirmation of the sale could have been refused only upon the ground that the land was of greater value than the price for which it was sold, and the rejected evidence should have been set out in the bill of exceptions, so that this court could judge of its materiality. (Morris *v.* Runnels, 12 Tex., 175; Harris *v.* Leavitt, 16 Tex., 340; King *v.* Gray, 17 Tex., 62; Jones *v.* Cavasos, 29 Tex., 428; Rose *v.* Railroad Co., 31 Tex., 49; Erhard *r.* Callaghan, 33 Tex., 171.)

The decision of the court upon the fairness of the sale, is not subject to revision. (Davis *v.* Stewart, 4 Tex., 223; Yerby *v.* Hill, 16 Tex., 376; Wells *v.* Mills, 22 Tex., 302.)

ROBERTS, CHIEF JUSTICE.—We are of opinion that the judg-

ment should be reversed in this case. There are two questions: one relating to the law of the case, and the other upon the ruling of the court in excluding the evidence offered to prove the value of the land.

1st. That the land sold at an administrator's sale brought a fair price, is a proper subject of inquiry, in determining whether or not such sale shall be confirmed by the court, was directly decided by this court, and the reasons therefor fully given by this court, in the case of Hirshfield *v.* Davis, 43 Tex., 161.

2d. It is contended, that the exception to the ruling of the court in excluding the evidence of value, in the manner in which it was attempted, by simply asking the witness to state its value, is not well taken, because it does not appear that the witness would have proved that the land was of any greater value than it was bid off at when offered for sale. To which it may be answered, that the question asked the witness was objected to on the ground, as shown by the bill of exceptions, that the court "had no authority to inquire into the value of the land"; and the court sustained the objection upon that ground. It was thereupon unnecessary to make any further attempt to make proof in support of the application made by the administrator to the court, asking that the sale should not be confirmed, upon the sole ground stated in the application, that the land had not been bid off at a fair price. The ruling of the court was the same, in effect, as dismissing the application, as not containing any ground whatever for refusing to confirm the sale. It decided the whole matter at issue; and under the law as it has been and is now held, that ruling of the court was erroneous.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.