## JIROU v. JIROU et al.

(Court of Civil Appeals of Texas. March 21, 1910. Rehearing Denied April 13, 1911.)

1. JUDGES (§ 45*)—QUALIFICATION—RELATIONSHIP—"PARTIES."

Const. art. 5, § 11, and Rev. St. 1895, art. 1129, provide that no judge is qualified to try a case in which any party to the suit is related to him within the third degree. *Held*, that the word "party" was not limited to those named as parties in the pleadings, but included all persons directly interested in the subject-matter and result of the suit, including a purchaser of property sold at a guardian's sale pursuant to an order of the court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 208–212; Dec. Dig. § 45.*

For other definitions, see Words and Phrases, vol. 6, pp. 5202–5213; vol. 8, p. 7747.]

2. CERTIORARI (§ 69*)—REVIEW—TRIAL DE NOVO.

That a judge of a county court was disqualified to confirm a guardian's sale of real estate because the purchaser was related to the judge within the third degree was insufficient to require reversal of the order on certiorari, since under Sayles' Ann. Civ. St. 1897, art. 339, providing that a cause shall be tried de novo in the district court, except that the issues shall be confined to the grounds of error specified in the application for the writ, the district court, though exercising appellate jurisdiction only, would be bound to confirm the sale if otherwise regular, notwithstanding the disqualification of the county judge.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 69.*]

3. CERTIORARI (§ 42*)—PETITION—SUFFICIENCY.

A petition for certiorari to review an order of a county judge confirming a guardian's sale of real property must allege facts which, if true, would require a different judgment on the merits from the order appealed from; any errors in procedure committed on the hearing in the county court being immaterial.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 42.*]

4. GUARDIAN AND WARD (§ 86*)—WARD'S LAND—SALE—DESCRIPTION.

Where a petition for an order to sell land belonging to a ward contained a sufficient description to identify the property, it was sufficient, especially where the land was ordered sold at private sale.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 340–344; Dec. Dig. § 86.*]

5. GUARDIAN AND WARD (§ 105*)—REAL ESTATE—SALE—VACATION—CONDITIONS.

Where a ward after becoming of age sued to set aside a sale of her land by her guardian, on the ground that there was no necessity for such sale, and that the order of sale and confirmation thereof was obtained by fraud and duress of the purchasers, she was not required to tender the money paid by the purchasers for the property as a condition to her right to relief; they being entitled to recover the money paid only

on an allegation and proof that the money so paid had been used by, or expended for necessaries for, the minor.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 105.*]

6. NEW TRIAL (§ 167*)—PETITION—REQUISITES.

A petition in an equitable suit for a new trial is insufficient where it does not reallege the cause of action pleaded in the original petition.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 167.*]

7. APPEAL AND ERROR (§ 1142*)—REINSTATEMENT OF CAUSE—PETITION—AFFIRMANCE.

Where an exception to a motion to reinstate a cause after dismissal for want of prosecution was in effect a general demurrer, the fact that it was improperly overruled would not authorize an affirmance of the judgment against plaintiff which was erroneous on the merits, because the motion to reinstate was insufficient as against a general demurrer, as such ruling would deprive plaintiff of the opportunity to amend.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1142.*]

8. NEW TRIAL (§ 167*)—REINSTATEMENT OF CAUSE AFTER DISMISSAL—JURISDICTION..

The trial court has jurisdiction to grant a new trial on equitable grounds, or to reinstate a cause at a subsequent term to that at which the final judgment was rendered.

[Ed. Note.—For other cases, see New Trial; Dec. Dig. § 167.*]

9. APPEAL AND ERROR (§ 20*)—JURISDICTION—DISMISSAL.

A judgment rendered on an insufficient pleading by a court having jurisdiction of the subject-matter is not a judgment beyond the court's jurisdiction, but a mere erroneous exercise of jurisdiction, and hence an appeal therefrom cannot be dismissed by the appellate court for want of jurisdiction in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 20.*]

10. ELECTION OF REMEDIES (§ 7*)—KNOWLEDGE OF EXISTENCE—FACTS.

Where, at the time plaintiff instituted proceedings against her guardian and bondsmen to compel an accounting of the proceeds of real estate, she had no knowledge of facts authorizing the vacation of the sale for fraud and duress, and after obtaining such knowledge she instituted proceedings in that behalf, and did not longer prosecute the former suits, the fact that she failed to dismiss them and permitted them to remain pending while she litigated her right to a vacation of the sale did not constitute such an election of remedies as precluded the maintenance of the proceeding to vacate.

[Ed. Note.—For other cases, see Election of Remedies, Dec. Dig. § 7.*]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Petition for certiorari by Lora Jirou against Mollie Jirou and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

See, also, 135 S. W. 114.

Dougherty, Conley & Gordon, for appellant. Greers & Nall and Parker & Hefner, for appellees.

PLEASANTS, C. J. This proceeding was begun by a petition for certiorari filed by appellant in the district court for the Sixtieth judicial district, on September 29, 1906, against appellee Mollie Jirou, guardian, and against W. P. H. McFaddin and W. C. Averill. The petition alleges that a guardianship of the estate of plaintiff is pending in the county court of Jefferson county, the defendant Mollie Jirou being the guardian of said estate; that an order of sale had been made in said guardianship directing defendant Mollie Jirou to sell the interest of plaintiff in certain lands in Jefferson county described in the petition; and that in pursuance of said order a sale of said lands was made by the guardian to the defendants McFaddin and Averill, and had been confirmed by said county court.

The petition asks that the order of sale and the order confirming said sale be set aside upon the following grounds: "First, because the judge of the probate court, who made and entered the order of sale, and confirmed the sale as made, was disqualified for the reason that he was related by consanguinity within the third degree to W. P. H. McFaddin, and to the wife of W. C. Averill, the other purchaser of the property, at the guardian's sale, and the order of sale and order confirming the sale were void; second, because the order of sale and order of confirmation were void for uncertainty in the description of the land purporting to be sold, and that such uncertainty of the description was calculated to deter bidders and thereby prevent the property from bringing its true value at said sale; third, because there was in fact no necessity for the sale, and that the guardian was induced to take out letters of guardianship on the estate of her daughter and to sell this property by reason of threats on the part of the purchasers to have a guardian appointed of the person and estate of the child, and her daughter taken from her."

Upon the filing and presentation of this petition to the district judge, he indorsed thereon an order for the issuance of a writ of certiorari, "provided the plaintiff file with the clerk a bond in a sum of .not less than $250 and for such additional amount as the clerk should deem necessary." The bond was filed in accordance with this order, and the writ of certiorari issued. In response to this writ the record in the guardianship proceedings was properly sent up and filed in the district court.

On December 3, 1906, the defendants filed a plea in abatement in which it is averred, in substance, that, before filing her petition for certiorari, the plaintiff had commenced proceedings in the county court of Jefferson county in the nature of a bill of review in which the guardian, Mollie Jirou, was made defendant; that by this proceeding the plaintiff sought to obtain a final settlement by her said guardian and to recover from

her the amount received for the sale of the lands to the defendants in this suit; and that said proceeding is still pending in said county court. The plea concludes with the following prayer: "Wherefore these defendants say, both by way of plea of abatement and to the jurisdiction of this court, that the county court has and retains full and complete jurisdiction and has complete and full power in said cause now pending before it, to adjudicate and determine all the issues herein, and that all of said issues are properly before said court in said cause No. 123 that can be adjudged and determined in this case. Wherefore they plead in abatement hereof, as well as to the jurisdiction of the court, and of this they pray judgment of the court."

This plea was heard and overruled by the trial court on the day on which it was presented. Thereafter, on January 6, 1907, the trial court by an order duly made and duly entered on the minutes of the court dismissed plaintiff's suit for want of prosecution.

After the adjournment of the term of the court, the plaintiff filed a motion to set aside the order of dismissal and reinstate the cause on the docket of the court. The defendants answered this motion by an exception or plea that said motion was in effect a motion for a new trial, and therefore the court was without jurisdiction to grant same at a term subsequent to that at which the order of dismissal was made. This plea was overruled by the court, and plaintiff's motion to reinstate was granted. On August 3, 1908, plaintiff filed her second amended petition, the material allegations of which are the same as those in the original petition before shown. To this amended petition the defendant Mollie Jirou filed an answer in which she admits the material allegations of plaintiff's petition to be true, and denies the allegations in her codefendant's answer that she was in collusion with plaintiff in the institution and prosecution of this suit.

On September 30, 1908, defendants McFaddin and Averill filed their second amended answer. This answer contains: First, a plea in abatement on the ground that the trial court was without jurisdiction to reinstate the case at a term of court subsequent to that at which it has been dismissed, and therefore said judgment of dismissal was in full force and effect and was a bar to any further proceedings herein. Second, a plea in abatement setting up the following facts: "For further grounds of abatement herein, these defendants come and say that this cause should be abated for the following reasons, to wit: That plaintiff herein, if she had any cause of action whatsoever, had and possessed two remedies; that is to say, plaintiff had the right to confirm said sale after reaching the age of 21 years and to proceed against her

guardian or against her guardian and the sureties on the guardian's bond, for any proceeds realized from the sale of the property which plaintiff alleges she owned or was entitled to during her minority, or by a proper proceeding seek to avoid said sale, which plaintiff is attempting to do in this case. That plaintiff herein, with full knowledge of all her rights, elected to pursue the remedy first above mentioned; that is to say, to confirm said sale and to seek to recover the money realized therefrom, in that the plaintiff herein, Lora Jirou, having on, to wit, October 5, A. D. 1904, arrived at the age of 21 years, and so knowing her rights, did, on January 4, 1905, three months after arriving at said age of 21 years, cause to be instituted in the district court of Jefferson county, Tex., a suit against her guardian and one Vallery Blanchette, one of the bondsmen on her guardian's bond, and the only surviving bondsman thereon, which suit is known on the docket of the district court, Fifty-Eighth judicial district, as cause No. 5,030. That plaintiff herein in said suit confirmed said sale and sought to recover the sum of money realized therefrom with interest thereon. That said suit is still pending, and these defendants now attach hereto a copy of plaintiff's petition and ask that the same be considered in connection with this plea." Third, the plea in abatement contained in their original answer and based upon the proceedings in the county court seeking to recover from the guardian the money received by her from the sale of the lands to the defendants McFaddin and Averill, which we have before set out. And, fourth, a plea of limitation based on the claim that, the order of reinstatement being void, this is a new suit and is barred under the statute fixing the period of limitation for proceedings of this kind.

This answer also contains numerous exceptions, the nature of which it is unnecessary to state. It also contains, besides general and special denials of all of the material allegations of plaintiff's petition, a plea to the jurisdiction of the court on the ground that this proceeding is but a bill of review and could only be brought originally in the court in which the guardianship is pending. The other pleas contained in said answer are not material to any question presented on this appeal, and therefore their nature need not be stated.

When the cause was called for trial, a jury was demanded and impaneled, and the following agreement was made by counsel representing the plaintiff and defendants: "It is agreed between counsel for defendants and plaintiff that the pleas in bar, in abatement, and of election of remedies filed by the defendants shall be considered in connection with the case on its merits, and none of said pleas are waived by the defendants."

After hearing the evidence, the trial court instructed the jury to find a verdict for the

defendants, and upon the return of such verdict a judgment was rendered "tnat the plaintiff take nothing by this suit, and that the defendants (naming them) go hence without day and recover of plaintiff all costs incurred herein."

The first assignment of error complains of the ruling of the trial court in sustaining appellees' exceptions to the allegations of the petition charging that the judge of the county court of Jefferson county who made the order of sale and the order confirming the sale of the land by the guardian to the other defendants herein was disqualified because he was related to both the defendants McFaddin and Averill within the third degree.

[1] Under the Constitution and statutes of this state, no judge is qualified to try a case in which any party to the suit is related to him within the third degree, and our courts have uniformly held that a judgment rendered by a judge who is disqualified to try the case in which such judgment is rendered is void. Texas Constitution, art. 5, § 11; Revised Statutes, art. 1129; Chambers v. Hodges, 23 Tex. 105; Newcome v. Light, 58 Tex. 141, 44 Am. Rep. 604; Burks v. Bennett, 62 Tex. 277; Nona Mills Co. v. Wingate, 51 Tex. Civ. App. 609, 113 S. W. 182.

There has been some diversity of opinion as to what meaning is to be given the word "party" as it is used in the provisions of the Constitution and statutes relating to the disqualification of judges; but it seems to be now settled that as there used the word is not to be restricted in meaning to those who are named as parties in the pleadings, but includes all persons who are directly interested in the subject-matter and result of the suit, regardless of whether their names appear upon the record as parties to the suit. Hodde v. Susan, 58 Tex. 389; Schultze v. McLeary, 73 Tex. 92, 11 S. W. 924; Duncan v. Herder, 122 S. W. 904.

Under this rule we think it clear that a judge who is related to the purchaser at a guardian's sale is disqualified to pass upon the report of sale, and an order made by such judge confirming the sale of the property is void.

The direct interest of the purchaser in such proceeding is apparent, and his right to appear and actively participate in the proceedings relating to the confirmation of the sale or in the proceedings on appeal from the order of confirmation have been uniformly recognized by the courts. Hirschfield v. Davis, 43 Tex. 155; Hardin v. Smith, 49 Tex. 420; James v. Nease, 69 S. W. 110.

[2] We are of opinion, however, that the disqualification of a county judge who renders a judgment confirming a sale made by a guardian is not a sufficient ground for appeal by certiorari from such order to the district court, and the order so attacked on certiorari proceedings could not be set aside on this ground and the cause remanded to the county court for retrial. The jurisdiction of a district court in such proceedings is appellate only; but its powers in the trial and disposition of the appeal are not those of an appellate or revisory court. The trial in the district court is de novo. Article 339, Sayles' Civil Statutes. It can neither affirm the order of the county court upon the record sent up from that court, nor reverse such order for errors committed by the county court and remand the case for a new trial, but must retry the case upon its merits just as if it was an original suit.

[3] The petition for certiorari, to be sufficient, must allege facts which, if true, would require the rendition of a different judgment upon the merits of the case from the order appealed from, and any errors in procedure committed upon the hearing in the county court are therefore immaterial in the disposition of the case on an appeal of this kind.

We think it clear that if, upon a trial de novo of this case in the district court, that court should find that the allegations of the plaintiff's petition as to there being no necessity for a sale of plaintiff's land and as to fraud and duress on the part of the purchasers are true, it would be the duty of the court to render a judgment refusing the application for sale and disapproving the sale made by the guardian and to certify such judgment to the county court for observance. The district court would have no authority to render a judgment holding that, the county judge being disqualified to pass upon the application for sale and the report of sale, the cause should be remanded to that court for a new trial by a judge who is not disqualified. If, on the other hand, the district court should find from the evidence that the allegations of plaintiff's petition are not true, and that the necessity for the sale existed, and that the sale was fairly made and for an adequate consideration, the sale should be confirmed regardless of the disqualification of the county judge who made the order directing the sale to be made and the order confirming such sale.

Under this view of the powers and jurisdiction of the district court in proceedings of this kind, the disqualification of the county judge becomes immaterial.

[4] There is no merit in the second assignment, which complains of the judgment of the court below on the ground that the description of the land contained in the order of sale and order of confirmation is so meager and indefinite as to render such orders void; and that, if such orders are not void, the uncertainty of the description therein is such that it was calculated to deter bidders at such sale and thereby prevent the property from selling at its true value.

While the description of the land in the order of sale is not as full as it should be, it is sufficient to identify the property, and

that is all that was required. The sale in this case as ordered by the court was a private sale, and the meagerness of the description could therefore have had no effect upon the price paid for the land by the appellees.

The evidence raises the issues of want of necessity for the sale of the property by the guardian, and of fraud and duress on the part of the defendants in procuring the order of sale and order of confirmation, and these issues should not have been taken from the jury. It follows that the third and fourth assignments, which complain of the judgment on the ground that the court erred in instructing a verdict for the defendants, should be sustained.

[5] Plaintiff was not required, as a condition precedent to her right to have these orders set aside, to tender the purchasers the money paid by them for the property. If there was no necessity for the sale of the property, and the order of sale and confirmation thereof was obtained by fraud and duress on the part of the purchasers, they are not in position to assert any equities; and, if they could be held entitled to recover back the money paid by them, it could only be upon allegation and proof upon their part that the money was paid, and was used by or expended for the minor for necessities. Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849.

It is contended by appellees that this court should affirm the judgment of the court below or dismiss the appeal without regard to the questions presented by appellant, because the trial court was without jurisdiction to try the case.

[6] This contention is based upon two grounds: First, because the order reinstating the cause at a term subsequent to that at which it had been dismissed for want of prosecution was one which the trial court had no power or jurisdiction to make, and was therefore void. Second, because this proceeding is an original proceeding in the nature of a bill of review and could only be brought originally in the county court in which the orders sought to be set aside were made. We cannot agree with appellees in either of these contentions.

The motion to reinstate the case is as follows: "Lora Jirou v. Mollie Jirou, W. P. H. McFaddin, et al. No. 5,873. In District Court, Jefferson County, Texas. ......Term, 1908. To the Honorable Judge of said Court: Now comes the plaintiff amending her original motion filed herein March 11, 1908, and shows to the court that on the 5th day of December, 1907, the above styled and numbered cause was pending herein, being upon the nonjury docket, and on said day Hal W. Greer, Esq., the leading attorney for the defendant, in the absence and without the knowledge or consent of plaintiff or her attorney, Matt Cramer, induced the court to set said cause for hearing on the 5th day of

136 S.W.—32

January, 1908; that on said last-named date, plaintiff and her attorney failing to appear, said cause was dismissed for want of prosecution. And plaintiff further shows to the court that said case was so set with the understanding that plaintiff or her attorney should be notified and their assent secured thereto; that when said cause was set plaintiff's attorney was seriously ill; that on the 6th day of December, 1907, said Greer's notice was received by plaintiff's attorney, and on the 9th day of December, 1907, said attorney notified said Greer by letter that he was seriously ill and could not make any agreement in reference to said case; that her said attorney was still ill on the day set for trial, and remained so for more than a month thereafter, and until after the close of the term of said court on the 25th of January, 1908, and during no part of such time being able to leave his room; that several days prior to the day upon which said cause was set plaintiff's attorney notified your honor by letter that he was sick and asking that said cause be continued; that your honor was absent from the city and did not read said letter, as plaintiff is informed, until after said case had been dismissed, and plaintiff believes that if said letter had been received and read in due time that the court would have refused to dismiss the same; that after receipt of said letter, on next day, your honor assured plaintiff's attorney by 'phone that the case would be reinstated; that said case is an important and meritorious one; the whole of plaintiff's estate being involved therein, and if said dismissal be not set aside she cannot refile said case and obtain the redress to which she believes she is entitled because the action would be barred by the two years' statute of limitation; that said case was not reached upon regular call of the docket nor called in its order; that it was from no lack of diligence or attention that plaintiff or her attorney was not present to prosecute said case; that, plaintiff's attorney having notified the said Greer that he was ill and could not make any agreement in regard to said trial, it was not supposed said case would be called for trial at said time; that said dismissal was unusual in this court and contrary to custom, as such action is uniformly denied when the sole attorney for party is disabled by sickness. Plaintiff further states, upon information, that said Greer did not appear on said day nor in any way urge the dismissal of said case; that O. S. Parker, Esq., was present, as she is informed, and asked for the dismissal, but he represents W. C. Averill, one of the defendants, who has disclaimed all interest in the land in suit and the sale of which is being sought to be annulled and set aside, and if his allegations are true has very little concern as to the disposition of the case. Wherefore plaintiff says that said case ought not to have been dismissed, and she respectfully prays that

your honor will set aside said order of dismissal and reinstate the same upon said docket and set it down for hearing at some future day in the April term of said court to be designated by your honor, and she will ever pray. Matt Cramer, Attorney for Plaintiff. Filed March 12, 1908, B. Boykin, Clerk D. C. Jeff. Co. Tex., by D. Gray, Dy."

The only exception or plea filed by the defendants to this motion is as follows: "Now comes the defendants W. P. H. McFaddin and W. C. Averill and make known to the court that this case was dismissed and stricken from the docket for want of prosecution on the 5th day of January, 1908, and that the court for that term adjourned on the 27th day of January, A. D. 1908, but the pending motion for a new trial appears to have been filed on the 11th day of March, A. D. 1908, about one and a half months after the adjournment of the court, at which the order of dismissal was entered. Wherefore these defendants move the court to strike out said motion and hold the same for naught."

It is not contended that the facts alleged in the motion to reinstate do not show a sufficient excuse for the failure of appellant and her attorney to appear and prosecute the suit on the day the case was set for trial, and for their failure to file the motion to reinstate before the adjournment of the term at which the order of dismissal was made, nor that the evidence failed to support these allegations. But it is insisted that, the judgment of dismissal being a final judgment, and the motion to reinstate having been filed in said cause, it must be regarded as a motion for new trial as distinguished from an equitable suit for .new trial, and therefore the trial court was without jurisdiction to grant such motion at a term of the court subsequent to that at which the cause was dismissed.

[7] We agree with appellees that the motion is insufficient as a petition in an equitable suit for a new trial, because it does not reallege the cause of action set up in the original suit, and an objection to the court's entertaining the motion on this ground should have been sustained. The exception or plea filed by the appellees is, in effect, a general demurrer and, conceding that it was improperly overruled, this court should not affirm the judgment of the trial court on the ground that the motion to reinstate was insufficient as against a general demurrer, because such ruling would deprive appellant of the opportunity to amend. The court, as we have before shown, overruled the exception to the motion, thereby holding it sufficient, and, relying upon this ruling, the plaintiff did not seek to amend the motion. The judgment against plaintiff on the merits of the case, being erroneous, it would be manifestly unjust to affirm such judgment on the ground of the insufficient pleading which appellant could and would have amended if the exception presented by the defendants had been sustained.

[8] It is not true that a court has no jurisdiction to reinstate a cause at a term subsequent to that at which it had been dismissed. The right to grant a new trial upon equitable grounds or to reinstate a case at a subsequent term of the court to that at which a final judgment in the cause had been rendered is well settled. Overton v. Blum, 50 Tex. 417.

[9] As to whether a party applying for a retrial or a reinstatement of his cause can be granted such relief at a subsequent term of court depends upon the allegations of his petition or motion and thus becomes a question of pleading. A judgment rendered upon insufficient pleading when the court has jurisdiction of the subject-matter of the suit is an erroneous exercise of jurisdiction, but not a judgment beyond the jurisdiction of the court, and an appeal from such judgment cannot be dismissed by the appellate court for want of jurisdiction in the trial court. Black on Judgments, § 241.

As to the second contention above stated, while the petition for certiorari is inartistically drawn, it complies with articles 333 and 335 of Sayles' Statutes, and the proceedings show upon their face that the appellate, and not the original, jurisdiction of the district court is invoked. Buchanan v. Belger, 64 Tex. 589; Linch v. Broad, 70 Tex. 92, 6 S. W. 751.

[10] It is further contended by appellees that the judgment of the court below should be affirmed because the undisputed evidence sustains their plea of abatement on the ground that plaintiff, having brought suit in the district court for recovery from the guardian and her bondsmen of the amount received by the guardian as purchase money for the land sold under the orders of the county court attacked in this proceeding, and having instituted proceedings in the county court to require the guardian to account for the proceeds of such sale, has elected to ratify the sale and is bound by such election.

The doctrine of ratification or estoppel by election of remedies is thus stated in 7 Enc. of Pleading & Practice, p. 361: "Election of remedies is the act of choosing between the different modes of procedure and relief allowed by law on the same state of facts, which modes may be termed 'coexisting remedies.' (This is given as its generic meaning.) In its technical and more restricted sense, election of remedies is the adoption of one of two or more coexisting remedies, with the effect of precluding a resort to the others. The election is not restricted to any class of remedies. Whenever the law supplies to a party two or more methods of redress, based upon inconsistent theories, however these methods may differ, either in form or the forum of procedure, or in the personality of the parties to the several proceedings, the party is put to his election, and his choice of either is a bar to his resort to the other. Thus he may be required to elect between

two or more actions ex contractu, or two or more ex delicto, or between remedies one or more of which belong to one class and one or more to the other, or between remedies all equitable, or remedies one or more of which are equitable and the residue of legal cognizance. * * * It is certainly the law in every state that has spoken on the subject that the definite adoption of one of two inconsistent remedies by a party cognizant of the material facts is a conclusive and irrevocable bar to his resort to the alternative remedy."

The facts of this case do not bring it within the rule above stated. While the undisputed evidence shows that the suit in the district court to recover of the guardian and her bondsmen the proceeds of the sale of the land to appellees, and the proceeding in the county court to require the guardian to account for such proceeds, had been instituted and were pending at the time the writ of certiorari was issued out, and were still pending at the time of the trial of this case, it is further shown by the undisputed evidence that, at the time the suit in the district court against the guardian and her bondsmen and the proceedings in the county court against the guardian were instituted, appellant and her attorney were ignorant of the facts upon which the certiorari proceedings are based. No principle of equity is clearer or more uniformly recognized by the authorities than that there can be no ratification nor estoppel unless the act upon which such ratification or estoppel is predicated was done with the full knowledge of all the material facts relating to the transaction as to which ratification or estoppel is claimed. 2 Pom. Eq. Juris. par. 965.

If appellant, after acquiring knowledge of the fact upon which the certiorari proceedings are based, had prosecuted the other suits, or either of them, to judgment, she would be held to have elected that remedy and have thereby ratified the sale of the property; but the fact that she has failed to dismiss these suits, both of which are still pending, does not estop her from prosecuting the present suit.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.