Eliza Guerra EURY et al., Appellants,

v.

Francisca SOLIS, Appellee.

No. 3313.

Court of Civil Appeals of Texas.

Eastland.

May 31, 1957.

Oscar B. McInnis-McAllen, for appellants.

Francisca Solis Guerra, Pharr, for appellee.

LONG, Justice.

Alfonso Guerra died intestate in Hidalgo County on July 18, 1954. Francisca Solis filed an application in the County Court of Hidalgo County to be appointed community administratrix of the estate of Alfonso Guerra and alleged therein that she was the surviving wife of said Alfonso Guerra. On July 29, 1954, she was duly appointed community administratrix of said estate. Thereafter, the appellants, who are sisters of the deceased, filed an application for writ of certiorari in the 139th District Court of Hidalgo County. They alleged that the deceased, Alfonso Guerra, and the appellee, Francisca Solis, were never married and that Francisca Solis was not the surviving wife of said deceased and was, therefore, not entitled to be appointed community administratrix. Upon the trial before a jury of the certiorari proceeding in the district

court, appellee at the close of the evidence offered by the appellants made an oral motion to withdraw the case from the jury and render judgment for appellee on the ground that the burden was upon appellants to establish by a preponderance of the evidence that the deceased, Alfonso Guerra, and the appellee, Francisca Solis, were not married and never had been married; that the appellants had failed to meet this burden in that there was no evidence offered showing that a ceremonial marriage between the deceased, Alfonso Guerra, and the appellee, Francisca Solis, did not occur and could not have occurred from the year 1948 to the date of his death in 1954. The court granted said motion and rendered judgment for the appellee. Hence this appeal.

■■■ Appellants admit in their brief that the burden of proof is upon them to establish by preponderance of the evidence that the deceased and appellee were not married at the time of his death. The petition for certiorari to be sufficient must allege facts which, if true, would require the rendition of a different judgment upon the merits of the case from the order appealed from. Jirou v. Jirou, Tex.Civ.App., 136 S.W. 493. In a hearing on the writ the issues are confined to errors committed by the court which have been specifically set forth in the application. 21 Tex.Jur. 377; Rule 350, Texas Rules of Civil Procedure. The appellants relied upon the allegation that the deceased and the appellee were never married. Appellants took the position in the trial court, as they did here, that they had the burden to establish that appellee was not the surviving wife of deceased. They could not change their position on appeal and have not attempted to do so. This was the controlling issue in the case. It was, therefore, incumbent upon appellants to produce some evidence that said parties were never married. It was undisputed that appellee and deceased had lived together for many years prior to his death. It is also undisputed that they operated a business together. We have carefully examined the evidence and it is our considered opinion that it does not raise an issue of fact on the issue of whether appellee and deceased were married at the time of his death. We hold that the trial court did not err in granting the motion of appellee to withdraw the case from the jury and in rendering judgment for appellee. The judgment is affirmed.